1834.

BOGERT
*v.*
BOGERT.

BOGERT, surviving executor of Bogert, deceased *v.* BOGERT, and others.

After a witness in an examiner's office has been called and examined by a party, he himself cannot withdraw him, even though he may be interested; but is compelled to let the witness be cross-examined generally in support of the rights of an opposite party.

So far as a counsel has got information solely from a person coming to him in the character of client, the rule of secrecy holds: but, no further.

Where a defendant seeks the production of documents or accounts in the complainant's possession, he cannot (unless in the case of requiring them before he can answer and where they are wanted for safe custody) get at them by a motion, but must file a cross bill. Thus, an executor had filed a bill to settle the trusts of a will ; B. & wife answered ; a replication was filed ; and the taking of testimony commenced. B. & wife then applied to have the books and papers left with the examiner for the use of witnesses and counsel. Denied ; and the parties were left to a cross-bill.

Although one defendant can move to suppress the testimony of a witness, who was a party, and for whose examination no order was entered under the rule, yet his testimony will hold against the party who had called him and it is also good as to those who have waived objections.

There is no occasion for an executor, who comes to have the trusts of a will defined, to bring testimony for the purpose of invalidating the marriage of a defendant who claims an interest in the estate through it.

It is contrary to the practice of the court to direct the payment of a gross sum by one party to another pending a suit and where there is no sum in court.

Bill by a surviving executor, to have the trust of a will carried into effect and to account and be discharged. Answers had been put in and replications were filed.

Four motions now came before the court : 1. By Peter Aymar, a defendant, to suppress the testimony of Mr. Cornelius Bogert, a party in the suit ; 2. By the defendants, Artemas Bigelow and Judith his wife, that Cornelius Bogert be compelled to submit to cross-examination and that the surviving executor (complainant) produce and leave with the examiner who was taking the testimony, for the inspection of the witnesses to be examined in the cause and of the counsel for the defendants Artemas Bigelow and Judith his wife, all the books and papers of his deceased testator in his custody or under his control ; 3. By the same par-

*October* 27, 1834.

*Practice.*
*Witness.*
*Production of papers and accounts.*
*Money during suit.*
*Counsel as a witness.*

ties, that the said surviving executor pay to the said Bigelow and wife, out of the share coming to the wife, the sum of five thousand dollars; and, 4. A motion by the complainant to name and examine further witnesses.

The first mentioned motion (as to suppressing testimony) was grounded upon an affidavit of no order having been entered for the examination of the witness, subject to just exceptions. The party raising the objection had not attended before the examiner when the witness's direct examination by the counsel for the complainant took place; but he made the objection when the cross-examination by the counsel for Bigelow and wife, who waived all objection, commenced. The complainant was desirous of withdrawing the witness.

In support of the motion to compel Cornelius Bogert to undergo a cross-examination, the complainants showed that he had declined answering questions like the following: "According to your best knowledge and information, did Jacobus Bogert hold any bonds and mortgages at the time of his decease?"; "Did the executors of Jacobus Bogert to the executors of John Bogert a bond and mortgage made by Andrew Stockholm to Jacobus Bogert, and if so, for what consideration?"; "Did Jacobus Bogert hold a bond secured by a mortgage of Daniel Van Voorhis?"; "Are you acquainted with the situation of the house No. 169 Broadway?"; Has the house and lot situated at the corner of Broadway and Cortland Street been sold by the executors of Jacobus Bogert, deceased, and if so, to whom?"; "Will you specify, according to your best knowledge, information and belief, in general terms, of what that estate now consists?"; "When did your agency for the estate of Jacobus Bogert commence and up to what time did it continue?"; &c. &c. And that he so declined, upon the ground of his having been of counsel for the acting executors of Jacobus Bogert, deceased. And, as to the branch of the motion which related to a production of the books and papers, the defendant, Artemas Bigelow, deposed that the complainant had been frequently applied to for the purpose, but neglected and refused and would give no information in relation to them; that no inventory of the estate had been filed with

the surrogate; and an inspection of the books and papers of the estate and the accounts of the executorship were material and necessary to the deponent and his wife, to enable them to obtain the necessary information to defend their rights in the suit; and, as the deponent believed, the said books, papers and accounts were then in the custody of the complainant or his solicitor. The defendants met this motion by showing, they had offered to let the said defendants or their solicitor see the accounts at the office of the complainant's solicitor, although they had declined to furnish copies; and that, the defendant, Bigelow, had declared his intention to hold the complainant personally liable, if he could.

In support of the application for five thousand dollars, the defendants, Bigelow and wife, presented a petition, showing that the petitioner, Judith Bigelow, had a large pecuniary interest in the estate; that, according to their best knowledge, their interest in the said estate, in right of the petitioner Judith, exceeded thirty thousand dollars, over and above all offsets and payments; that they were in need of part of the fund for the support and maintenance of themselves and the children of the said Judith, by her first marriage; that the complainant declared he would make no advance until the final settlement of this suit; and they were apprehensive it would be several years before it was effected. The complainant made an affidavit, showing how he had paid Mr. Bigelow six hundred dollars but a few months past and had lent him smaller sums; and that the greater part of the estate was out on bond and mortgage.

The motion for the examination of further witnesses arose from the circumstance of Mr. Cornelius Bogert's testimony having been objected to and so that the facts contained in it might be supplied; and also because the complainant, finding there were likely to be hostile proceedings, wished to produce proof to shew a former marriage by—— (defendant) and a first wife living and thereby throw the burthen upon him of sustaining his second marriage and through which he claimed an interest in the estate.

1834.

BOGERT
v.
BOGERT.

Mr. *William H. Elting* and Mr.*Charles Edwards* for the complainant.

Mr. *Benjamin Clark* and Mr. *W. C. Wetmore* for Artemas Bigelow and wife.

*November* 3.    THE VICE-CHANCELLOR :—1. As to the motion of Bigelow and wife to cross examine Mr. Bogert; and to have a deposit and an examination of the books and papers of the estate of Jacobus Bogert, deceased. It will be necessary to look at the bill, in order to decide upon the whole of this motion. The object of it is to ascertain and have the court determine upon the nature and extent of the rights of parties interested under the will of Jacobus Bogert. Answers have been put in; replications have been filed; and the examination of Cornelius Bogert as a witness, has commenced. He is a party to the suit, as executor of John Bogert, deceased, who had an interest under the will of Jacobus Bogert, and was one of his executors. It appears he, Mr. Cornelius Bogert, underwent an examination on the part of the complainant, and answered all questions which their counsel put to him, relating to dates and changes of interests from deaths. He was then examined by the guardian *ad litem* of the infant children of Halsey D. Bradford. Afterwards, on a subsequent day, came a cross-examination by the counsel of Bigelow and wife; but before it commenced, the solicitor for Peter Aymar, another defendant, objected to the testimony of Cornelius Bogert, on the ground of his being a party and no order having been entered under the 73d rule for his examination. The objection was noted; but the counsel for Bigelow and wife persisted in pressing on the cross-examination, having made no objection themselves to the witness or the regularity of his examination.

It went on, until the witness declined answering, upon the ground of his having been of counsel as well to the testator Jacobus Bogert in his lifetime, as to his executors during the times they acted in the management of the estate. The counsel for Bigelow and wife had propounded questions as to the nature of the estate of Jacobus Bogert.

Now, as to the first branch of the motion :—the question

of examination. Mr. Bogert's giving testimony without an order was irregular; and the defendants, Bigelow and wife, might have taken advantage of it. They did not; and I think it was an irregularity which they, for themselves, might waive. I do not think it rests with the complainant to withdraw the witness. It is not for the party who examines him to object; and I consider Bigelow and wife had a right to go on and cross-examine him. It appears to be a rule well settled at law, that a witness introduced by a party and sworn generally, although interested to testify against him, may be cross-examined at large, in support of the rights of the opposite party, and the party introducing him cannot question either his competency or credibility: *Jackson, ex dem. Eden* v. *Varick,* 7 Cow. 288, S. C. on appeal, 2 Wend. 166; *Fulton Bank* v. *Stafford,* Ib. 483. I think the same rule ought to hold good here; and that, after a witness has been called and examined by a party, he cannot withdraw him even though he may be interested, see *Barden* v. *Gorman,* 2 Molloy, 376, but is compelled to let him be cross-examined generally by an opponent. Nor do I see how Mr. Bogert can make use of his professional character as a shield against answering such questions as have been put to him. I think he has acted under a mistake of the law. He was not asked as to matter which had been confidentially imparted to him by any one of his clients. So far as a counsel has got information solely from a person coming to him in the character of client, the rule of secresy holds: but, no further. It does not embrace any information obtained from other quarters or in any other way. I consider Mr. Bogert is bound to answer the questions proposed to him and any others of a like nature. Then, as to a production of the books and papers. This part of the motion must be denied. In general, a party is not compelled to produce testimony to make for his opponent: more especially where defendants ask for it. It is true, there are special cases in which it may be allowed for the purposes of pleading. Thus, if a party is called upon to answer a bill, and wants an inspection of books and papers, before he can fully do so, he can have a sight of them; or the production can be compelled under certain circumstances. And docu-

ments may be ordered to be given up for safe custody where there is any apprehension of destruction : *Watts* v. *Lawrence*, 3 Paige's C. R. 159. Where a defendant seeks the production or discovery of documents in the complainant's possession, the usual course is by filing a cross-bill ; *Mycklethwait* v. *Moore*, 3 Meriv. 292 ; and Bigelow and wife must do so in this case, provided they require a discovery of the books and papers of the estate of Jacobus Bogert, deceased. This part of the present motion is denied.

2. As to the motion of Mr. Aymar to suppress the testimony of Cornelius Bogert. The application is well founded. He has a right to raise the objection ; and may have an order that Mr. Bogert's deposition shall not be read to his prejudice ; but, from what I have before said, it will have to stand for those parties who have not raised the objection.

3. With regard to the application of the complainant, to examine other witnesses. He is not to be allowed to examine any touching the former, supposed, marriage of Bigelow. There is no occasion for it, at this stage of the cause. But he may take the testimony of other witnesses named who will speak to facts, dates and descents, contained in Mr. Bogert's direct examination.

4. I have now to dispose of the motion of Bigelow and wife : that the complainant, as executor of Jacobus Bogert, deceased, pay them five thousand dollars out of the supposed share of the estate coming to Mrs. Bigelow. This application is founded upon the allegation of her being entitled to thirty thousand dollars. The counter-affidavits show that the two children of Mrs. Bigelow, by her former husband, are supported by some branches of the family ; and the application is, therefore, so far met. But, indeed, an order, to the effect asked for by these defendants, is contrary to the practice of the court. It does not direct payment of money by one party to another pending a suit and where there is no sum in court. It is true, that where there is property in court or subject to its control belonging to a feme covert, it will sometimes grant an order for an allowance out of it for maintenance ; but even this will only be done after a reference, and the report of a master certifying the husband's pecuniary incompetency. But even if the money, in

the present case, were in court, I could not direct such a course to be taken, for the complainant shows that he paid money last summer to these parties, and will be ready to pay them, out of the forthcoming November dividend, a rateable proportion of it. I shall withhold any order upon this motion.