EDWARD ALDEN *vs.* CHARLES W. GODDARD and others, executors of the will of FRANCIS O. J. SMITH.

Waldo.    Opinion April 28, 1882.

*Practice.    Statute of limitations.    Evidence.    Confidential communications. Contract.*

Where a case is presented to the law court upon an agreed statement which assumes without objection the existence of certain facts, such facts cannot be controverted in argument before the court *in banc.*

The defendant's intestate residing out of the State, when the contract in suit was executed, such residence in the absence of any proof to the contrary, is presumed to continue and will prevent the operation of the statute of limitations.

It is competent for an attorney who prepares a bill in equity signed and sworn to by his client, and filed in court, to testify where his client was described in said bill as residing, and such statement involves no violation of professional confidence.

Nor would it be a confidential communication if verbally stated to him by his client while the bill was in preparation.

In an action upon a claim purchased by the plaintiff at a sale of a bankrupt's effects, the bankrupt may be called by the plaintiff to testify, touching the same, although the party defending is an executor or administrator.

In 1862, A sold and conveyed to S, certain real estate in Illinois. In April, 1870, an agreement was entered into between the parties by which A was to re-purchase all the property he had conveyed to S in 1862, for the amount of the purchase money paid him by S, and interest. . . . . On April 4th, 1870, the parties met and found the amount due S, to be sixty-three thousand nine hundred and ninety-three dollars and thirty-seven cents. A gave S his three promissory notes of five thousand dollars each, leaving a balance due on account, of forty-eight thousand nine hundred and ninety-three dollars and thirty-seven cents. At the same time S gave his bond in which, in consideration that A would pay his three notes for five thousand dollars each, and in consideration of the further payment to be made by said A, on the execution of the deed hereinafter mentioned, of forty-eight thousand nine hundred and ninety-three dollars and thirty-seven cents, with interest from the date thereof, until such payment, he covenanted, &c., and obligated himself upon the fulfillment of said payment by said A or his assigns, within ninety days, to re-deed the premises described in A's deed of 1862, excepting what may have been sold. The ninety days expired and the payments were not made. On the twenty-sixth of June, 1870, S, by his indorsement on the bond, agreed to extend the within obligation twenty days from date, if certain things therein stated were done. The twenty days expired and the payments were not made. On the thirteenth of August, 1870, the parties met again, and A agreed in writing to accept S's draft on him for fifty thousand dollars, payable in sixty days, upon which writing S made the following indorsement: "If I shall draw upon said A, as above, I hereby agree at the same time, to transmit to him the title deeds, certificate of stock," . . which form the consideration of said acceptances, S never drew upon A, and on the sixteenth of September, 1870, notified A by letter, that he regarded the bond of April 4th, as no longer binding on him by reason of non-compliance on his part and that he held the fifteen thousand dollars, in partial liquidation of damages sustained thereby, In an action to recover the fifteen thousand dollars paid as aforesaid by A against S's executors,

*Held :* that the bond had expired; that there was no extension of it nor any waiver by S of a strict compliance with its terms, and that the action would not lie.

Payments made in part fulfillment of a contract cannot be recovered back by the party in fault for its non-performance.

On report of facts agreed.

Assumpsit for money had and received, brought under the provisions of R. S., c. 66, § § 13, 14, against the executors on an appeal by them from the decree of the probate court, Cumberland county, accepting the report of commissioners of insolvency on the estate of said Smith, allowing the plaintiff the sum of twenty-four thousand nine hundred and sixty-five dollars and seventy-nine cents.

The material facts are fully stated in the opinion.

*Bion Bradbury* and *Joseph Williamson*, for the plaintiffs.

*Charles W. Goddard, John A. Waterman* and *Daniel W. Fessenden*, for the defendants.

APPLETON, C. J.    This is an action of assumpsit for money had and received under the provisions of R. S., c. 66, § § 13, and 14, against the defendants as executors on an appeal by them from the decree of the probate court, accepting the report of the commissioners of insolvency on the estate of Smith.

The questions in controversy relate to certain transactions between Hiram O. Alden, and defendants' testator, which occurred in 1870.    The plaintiff claims as the purchaser of certain demands of said Alden against Smith, at a bankrupt sale of the assets of Alden.

The defendants interpose numerous objections to the plaintiff's right to recover, as well as to the reception of the evidence by which that right is attempted to be supported.

1. It is objected that there is no proof of the bankruptcy of Alden, or of the appointment of his assignee, or of the authority of the assignee to sell.

The case comes before us upon an agreed statement of facts. That statement assumes the bankruptcy of Alden, the appointment of his assignee, and the authority to sell.    No objection is made to the transfer by the assignee to the plaintiff, of the claims in controversy.  The objection now taken, was not reserved, nor was it intended to be.

2. The statute of limitations is relied upon as a bar to the plaintiff's claim.

The bond of Smith to Alden was dated April 4, 1870, and was to terminate in ninety days, unless there was an extension of the

same. Smith died on October 14, 1876. If this were all, the claim would be barred.

But this ground of defence assumes the continued residence of Smith in this State. But the proof shows the fact to be otherwise. Hiram O. Alden testifies that on the fourth of April, 1870, Smith was then residing at Williamsburg, New York, where the contract was signed. In the November following, Smith swore to his bill in equity against H. O. Alden, in which he is described as of Brooklyn, New York, at his own instance. On May 29, 1871, he states under his own hand, that neither he nor any attorney of his resided in Cumberland county.

Residing in New York when the contract of April 4, 1870, was signed, such residence in the absence of any proof to the contrary, is presumed to continue.

The evidence negatives a continued residence of six years in this State since the contract was made or since the supposed right of action accrued.

3. The evidence of Mr. Bradbury is clearly admissible. He testifies that Mr. Smith signed a bill in equity against Alden, in which he is described as of Brooklyn, New York, and swore to the same. The only objection is, that this is a professional communication. But it is only stating what appears of record. No exception is taken that it states the contents of a bill in equity, or a portion of it. This statement involves no violation of professional confidence. Anybody who examined the bill, could state the same facts as the witness. Nor can the statement of his place of residence be deemed a confidential communication. Indeed, it was well said by Best, C. J., in *Broad* v. *Pitt*, 3 C. and P. 518, "I think this confidence in the case of attorneys, is a great anomaly in the law." It requires limitation rather than extension.

4. Objection is made to the testimony of Alden, the bankrupt. But he is not a party to the suit. He is not interested in its result. He is not excluded by any statutory provision. The rules of the common law would admit his testimony. It was properly admitted. *Jones* v. *Wolcott*, 15 Gray, 541.

5. It seems that on October 28, 1862, Hiram O. Alden sold and conveyed to Smith for the consideration of thirty-three thou-

sand four hundred and sixty-eight dollars, a quarter of his interest in certain real estate in Wilmington, Illinois, together with certain personal property.

In April, 1870, an agreement was entered into between said Smith and Alden, by which Alden was to repurchase all the property which he had conveyed to Smith on October 28, 1862, at the price for which it had been sold, with interest on that sum and any advances made by Smith at the rate of eight per cent. *per annum.*

Accordingly on the fourth of April, 1870, the parties met. The amount due Smith was found to be sixty-three thousand nine hundred and ninety-three dollars and thirty-seven cents. Alden gave three promissory notes, each for five thousand dollars on time, which were paid by him, and the amount of which, and interest, is sought to be recovered in this suit. These notes were deducted from the amount found due, leaving a balance of forty-eight thousand nine hundred and ninety-three dollars and thirty-seven cents due. At the same time Smith gave his bond, in which, in consideration that Alden would pay or cause to be paid three certain notes for five thousand dollars each, and "in consideration of the further payment to be made to the undersigned by said Alden, on the execution of the deed hereinafter mentioned, of forty-eight thousand nine hundred and ninety-three dollars, with interest from the date hereof, until such payment" he covenanted and promised and obligated himself " on the fulfilment of said payments of the notes above described, and the completion of the said other payments by said Alden or his assignees within ninety days," to reconvey the premises described in the deed of Alden and wife, to him dated October, 1862, of lands in Wilmington, Illinois, excepting what may have been sold, &c.

The ninety days expired. The stipulated payments were not made.

On June 26, 1870, Smith, by his indorsement on his bond to Alden, agreed if certain things therein stated were done "to extend the within obligation twenty days from date."

The obligee in the bond, Alden, had not complied with its conditions. His rights under it were forfeited. Both parties so

understood it; Alden, by desiring and receiving an extension, Smith, by giving it.

The twenty days elapsed, and the necessary payments had not been made, except the notes as before stated, Smith having executed his deed ready for delivery on payment of the amount due.

On the thirteenth of August, 1870, the parties again had a meeting. At that time Alden gave Smith authority in writing, to draw on him for fifty thousand dollars, which he was to accept, payable in sixty days, at the same time referring to certain gentlemen as vouchers for his pecuniary responsibility, and giving assurances that Smith might rely upon that sum within the time mentioned.

Upon this writing, Smith made the following indorsement: "If I shall draw upon said Alden as above, I hereby agree at the same time to transmit to him the title deed, certificates of stock in the Kankakee Company, &c. which form the consideration for said acceptances.          Francis O. J. Smith."

It is claimed that here is an extension of the. bond. We think not. Smith did not draw. There is no waiver of a strict compliance with the terms of the bond, but rather the reverse. As references were made as to Alden's responsibility, it might reasonably be expected that Smith would make all needed inquiries before making any drafts on him. If doubtful of his solvency, there was no reason why Smith should draw, and every reason why he should not. If he should draw and transmit the " title deed," &c. he would be utterly without security in case the acceptances of Alden should not be paid. If a renewal of the bond or a waiver of its forfeiture, it was conditional, dependent on the will of Smith. He not drawing, Alden acquired no new rights by the transactions of August 13th. The bond had been previously forfeited, and for aught then done it so remained.

On September 16th, 1870, Smith gave notice in writing, that he regarded the bond of April 4th, as no longer binding on him, on account of his failure to comply with its terms, and that the fifteen thousand dollar payment would be held as a forfeiture in partial liquidation of damages, &c.

6. The payment of the three notes of five thousand dollars each, by Alden, was made in part fulfilment of a valid contract. It was his fault that the balance remaining unpaid was not paid within the time stipulated. The contract between the parties was a fair one. The payments made were in part fulfilment of the contract. They were so received. Smith never waived his rights. He never promised to repay. It is not a case where the law will imply such a promise. *Rounds* v. *Baxter*, 4 Greenl. 454; *Appleton* v. *Chase*, 19 Maine, 74; *Hill* v. *Fisher*, 34 Maine, 143.

It seems that Smith died October 14, 1876. It is a significant fact that this claim was permitted to slumber for over six years, and till after the death of Smith.

The view we have taken of the case disposes of the claim for repayment of the three notes, each for five thousand dollars.

There are two other notes in controversy. If they are to be regarded as in part payment of the bond, the same result must follow, as in case of the other notes. If not, then there is no proof of any assignment or transfer of them to the plaintiff. In either event the plaintiff must fail.

*Judgment for defendants.*

WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.

BARROWS, J., did not sit, being related to one of the defendants.