## Q. S. HODGE v. TERRITORY OF OKLAHOMA.

(Filed July 18, 1902.)

1. INDICTMENT—Motion to Set Aside May be Made When. Before a defendant in a criminal action is entitled to be heard in a proceeding to set aside an indictment, he must bring himself clearly within the provisions of the statute.

2. SAME—Proof in Support of Motion to Set Aside May be Made, When. To enable a defendant to make proof in support of his motion to set aside an indictment, it is necessary for him to file his application before the court, and he must allege the following facts: (1) That he is indicted in the district court (naming it); (2) He must set forth a copy of his motion to set aside the indictment; (3) and that he is acting in good faith.

3. SAME—Not Error to Refuse to Hear Evidence, When. Hence, where an application fails to state these essential facts, it is not error to refuse to hear evidence in support of the motion to set aside the indictment.

4. INSTRUCTION—Inacurate Language—Not Grounds for Reversal, When. Whether in a given case there should be reversal for error in giving an instruction, depends quite as much upon the evidence before the jury to which the instruction might be applied, as upon the abstract accuracy of the instruction; hence, if it is apparent that the language of the instruction, though inaccurate, yet, when applied to the evidence before the jury it could not have misled the

jury to believe that its duty was different from what it actually was, the inaccuracy can afford no reason for reversal.

5. **CIRCUMSTANTIAL EVIDENCE—When Will Warrant Conviction.** Where circumstantial evidence alone, that is evidence constituting a single chain, is relied upon by the prosecution for a conviction, each essential fact in the chain of circumstances must be found to be true by the jury, beyond a reasonable doubt, to warrant a conviction.

6. **EVIDENCE—Instruction—Not Reversible Error, When.** On a trial for murder where there is an eye witness who testified to the homicide, and the evidence relied upon by the prosecution for a conviction is not entirely circumstantial, it is not reversible error for the court to give the following instructions: "The law requires the jury to be satisfied of the defendant's guilt, beyond a reasonable doubt, in order to warrant a conviction, but does not require that you should be satisfied, beyond a reasonable doubt, of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony all together you are satisfied, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment."

7. **SAME—**When the instructions of the court are considered altogether, and as applied to the evidence in this case, it is not reversible error to refuse to give the following instructions: "If any one of the jury, after having considered all the evidence in this case, and after having consulted his fellow jurymen, should entertain a reasonable doubt of the defendant's guilt then the jury cannot find the defendant guilty."

8. **NEW TRIAL—Refusal to Hear Arguments for Not Necessarily Reversible Error.** The trial court should hear reasonable argument by counsel upon a motion for new trial, and especially in a criminal case where a party is charged with the grave crime of murder. However, the mere refusal of a court to hear argument on a motion for a new trial does not necessarily constitute reversible error.

9. **SAME—When New Trial Will be Granted for Refusal to Hear Argument.** Before this court will reverse a cause for the reason that the trial court declined to hear the argument in support of a motion for new trial, it must clearly appear that there was an abuse of discretion, and that the party was prejudiced thereby.

10. **JUDGMENT—Technical Errors in Criminal Case—When Cause for Reversal.** Our Statute provides that in an appeal in a criminal case, this court must give judgment without regard to technical errors or defects, or exceptions which do not affect the substantial rights of the parties. We think that this provision of our statute is applicable to this case. And hence for this court to hold that mere technical errors or defects, which do not affect the substan—

tial rights of the prisoner, are sufficient to reverse the cause, would, in our judgment, be a clear violation of not only the letter but the spirit of the statute.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before C. F. Irwin, Trial Judge.*

*Temple Houston D. P. Marum* and *W. S. Denton,* for plaintiff in error.

*J. C. Strang, Attorney General, W. P. Hickok* and *O. D. Hubbell,* for defendant in error.

Opinion of the court by

HAINER, J.: The plaintiff in error, Q. S. Hodge, was indicted in the district court of Dewey county on the charge of the murder of Nelson H. Christian. Upon application of the defendant the cause was removed from Dewey county to Garfield county for trial. The defendant was tried and convicted of murder, and sentenced to the territorial penitentiary at hard labor for the term of his natural life. From this judgment the defendant brings the cause here on appeal for review.

The first error complained of and argued in the brief of counsel for plaintiff in error is that the court erred in refusing to hear testimony in support of defendant's application to set aside the indictment. It is alleged in substance in this application that J. C. Strang was without authority appointed by the court as assistant county attorney; that in the investigation of the cause by the grand jury, said Strang was present before said grand jury, and conducted the examination of the witnesses, and during said time W. P. Hickok was the duly, elected, qualified and acting county attorney of said county,

and was in attendance upon the court and grand jury when his attendance was required by them; that there was no physical or mental disability which incapacitated him from performing the duties as county attorney at said time; that he was at all times present, ready, willing and able to perform his duties as county attorney in said matter; that during the investigation of this case that said grand jury acted under the advice and influence of said Strang. The motion was verified. We think this application is wholly insufficient as a matter of law, and that the court properly denied the defendant's application to hear evidence to set aside the indictment. The grounds upon which an indictment may be set aside under the laws of this territory are clearly defined in chapter 41, section 19, page 196, of the Session Laws of 1895. They are as follows:

"The indictment must be set aside by the court, in which the defendant is arraigned, and upon his motion in either of the following cases: First: When it is not found, indorsed, presented or filed as prescribed by the statutes of the territory, or when the grand jury is not drawn and empaneled as provided by law, and that fact is known to the defendant at or before the time the jury is sworn to try the cause. Second, When the names of the witnesses examined before the grand jury are not made to appear on some part of the indictment, as provided in section 5063, as amended in this act. Third, When a person is permitted to be present during the session of a grand jury while the vote on the finding of the indictment is being taken, or when it is shown that after the grand jury was first empaneled, any member or members thereof, were discharged, and their places filled by persons not regularly drawn from the jury list, as provided by this act, and that they were admitted into the grand jury or took part in their deliberations, or that the grand jury was not empaneled anew as a whole body in open court."

To enable the defendant to make proof of matters set up as reasons for setting aside an indictment, it is necessary for him to file his application before the court, and he must allege the following facts: (1) That he is indicted in the district court (naming it); (2) He must set forth a copy of his motion to set aside the indictment; (3) That he is acting in good faith.

It is apparent that if the application does not set forth these matters that are required by the statute it is the duty of the court to deny the application. In other words, before the defendant is entitled to be heard in a proceeding to set aside an indictment he must come clearly within the provisions of the statute. The motion or application failed to state that it was made in good faith. This is absolutely essential in order to entitle the defendant to a hearing. And hence there was no error in denying a hearing upon the application to set aside the indictment. (*Keith v. Territory,* 8 Okla. 307.)

It is next claimed that the court erred in not discharging the regular panel of petit jurors on the ground that Judge McAtee made certain prejudicial remarks in the presence of the jurors before the cause was called for trial. This matter was considered by Judge Irwin after a change of judge had been granted, on application of the defendant, by examining the jurors as to the alleged statements made by Judge McAtee, and the application to discharge the regular panel was denied. The defendant had full opportunity to examine each juror empaneled in the cause as to any statements made by Judge McAtee, or any other source that rendered said juror incompetent, and if it appeared that the statements made by Judge McAtee prejudiced the juror or in any manner rendered him incompetent, it was a good ground for challenge to

an individual juror but not to the panel. The application was, therefore, properly denied.

It is next claimed that the court erred in excluding certain testimony offered on behalf of the defendant. The evidence excluded by the court relates to certain declarations and statements which the defendant offered to show by the witness Calvin Lawson. It was sought to be shown that Calvin Lawson had heard a certain conversation between Martin Christian, his uncle and brother, concerning the homicide, and the defendant also sought to show that Martin Christian had made certain statements and declarations in reference to the part he had taken in the commission of the crime. We think that this testimony was incompetent, and the court properly excluded it. And there was no error in excluding the testimony of Mrs. Hodge, the wife of the defendant, as it was obviously incompetent. We have examined all the evidence which was offered on behalf of the defendant and we are of the opinion that there was no prejudicial error committed by the trial court in excluding any testimony that was material, relevant and competent.

The next objection raised by the plaintiff in error and argued in the brief, is that the court erred in giving instruction number 10 to the jury. This instruction reads as follows:

"The law requires the jury to be satisfied of the defendant's guilt, beyond a reasonable doubt, in order to warrant a conviction, but does not require that you should be satisfied, beyond a reasonable doubt, of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony all together, you are satisfied, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment."

And counsel in support of this contention cites the case of *State v. Furney,* 41 Kansas 115, 21 Pac. 215. In this case the supreme court of Kansas reversed the cause upon two instructions, and one of the instructions was identical to this instruction. The court in the syllabus, which is the law of the case, says:

"Where circumstantial evidence constituting a single chain is relied upon by the state for a conviction, each essential fact in the chain of circumstances must be found to be true by the jury beyond a reasonable doubt, to warrant a conviction."

It will thus be seen that the court does not declare in the syllabus that the instruction given under all circumstances was sufficient to reverse the cause. And it may be cured by other instructions.

The supreme court of Iowa holds that such an instruction is not error. In *State v. Hayden* 43 Iowa, 12, the court, in its syllabus, uses the following language:

"Where the evidence is circumstantial the jury need not be satisfied beyond a reasonable doubt of every link in the chain of circumstances necessary to establish defendant's guilt; it is a reasonable doubt of guilt arising from a consideration of all the evidence in the case which entitled the defendant to an acquittal."

In *Bressler v. People,* 117 Ill. 422, 8 N. E. 67, the supreme court of Illinois had this identical question before it for consideration. The instruction of the court given in that case was as follows:

"The jury are instructed that the rule requiring the jury to be satisfied of a defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that

the jury should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt; it is sufficient if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guiltly."

The opinion was delivered by Mr. Justice Schofield, one of the ablest jurists that state has ever produced, and in discussing this question the learned Justice said:

"It is insisted that this is erroneous because it is 'essential that the circumstances be proved beyond a reasonable doubt, and it is just as essential that the connecting facts be established beyond a reasonable doubt.' It has often been said by this court—and its correctness is obvious although it might never have been said—that whether, in a given case, there should be reversal for error in giving an instruction, depends quite as much upon the evidence before the jury to which the instruction might be applied, as upon the abstract accuracy of the language of the instruction; and so, if it is apparent that the language of the instruction, though inaccurate, yet, when applied to the evidence before the jury it could not have misled the jury to believe that their duty was different from what it actually was, the inaccuracy can afford no reason for reversal."

We think that this is a much better and sounder rule than the one announced in the Kansas case. In those cases it appears that the evidence was entirely circumstantial, and of a weak and unsatisfactory character, and hence the law of circumstantial evidence was necessarily strictly applied. But in the case at bar the evidence was not wholly circumstantial. On the contrary the main witness was an eye witness to the scene of the homicide. In addition to the direct and positive testimony of an eye witness, the record discloses that the defendant made numerous and violent threats prior to the time

of the commission of the crime and some admissions subsequent thereto, which could be properly considered by the jury in determining his guilt. And again, it is never proper to single out an instruction; but the instructions must be taken as a whole and in connection with instruction 10 we must consider instruction 22, which reads as follows:

"You are further instructed that the law raises no presumption whatever against the defendant, but that every presumption of law is in favor of his innocence, until he is proven guilty beyond all reasonable doubt, and, in order to convict him of the alleged crime, every material fact necessary to constitute such crime must be proven beyond a reasonable doubt; and if the jury entertain any reasonable doubt upon any single essential element necessary to constitute the crime, it is your duty to give the defendant the benefit of such doubt and acquit him."

And also instruction number 37, which is as follows:

"Where the prosecution relies wholly or in part upon circumstantial evidence for a conviction, each fact necessary to the conclusion sought to be established must be proven by competent evidence beyond a reasonable doubt. All the facts that is the necessary facts to the conclusion, must be consistent with each other and with the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused committed the offense in the manner charged in the indictment."

Thus it will be observed that when instructions number 22 and 37 are read and considered, in connection with instruction number 10, the case comes clearly within the doctrine announced by the Illinois and Iowa courts, and is substantially the same rule laid down by the Kansas supreme

court in the syllabus of the Furney case. Hence when these three instructions are taken and considered together, as they must be, and as applied to the evidence in the case, we are of the opinion that it could not have misled the jury, and therefore is not reversible error.

The next objection raised and argued by plaintiff in error is that the court erred in refusing to give the following instruction requested by the defendant:

"If any one of the jury, after having considered all the evidence in this case, and after having consulted his fellow jurymen, should entertain a reasonable doubt of the defendant's guilt, then the jury cannot find the defendant guilty."

This instruction is taken from the case of *Castle v. State*, 75 Indiana, 146, where it was held by the supreme court of Indiana that it was error to refuse to give this instruction notwithstanding the general charge of the court given to the jury that they must be satisfied beyond a reasonable doubt of the guilt of the defendant. And substantially the same instruction was before the supreme court of Kansas in the case of *State v. Witt*, 34 Kan. 496, 8 Pac. 769, where the refusal to give it was held to be error, Chief Justice Horton dissenting. In this case the supreme court of Kansas followed the rule laid down in the Castle case. We cannot assent to the doctrine announced in these opinions. We think the reasoning is fallacious. The instruction in the abstract states the correct rule of law, but in its application it is not sound. There is no question as to the general rule in a criminal case that each juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he should consent to a verdict of guilty. It is equally true that each juror should feel the indi-

vidual responsibility resting upon him as a member of the body. But we think when the jury is instructed that "you must be satisfied from the evidence beyond a reasonable doubt of the guilt of the defendant," that it charges the jury collectively and individually as to the duty and responsibility resting upon each member thereof. The test ought to be: Was the defendant prejudiced in any of his substantial rights by the failure to give the instruction? In instruction number 1 in the general charge the court says: "Now, if the jury after a full, careful, and candid consideration of all the evidence, facts and circumstances in evidence, are satisfied beyond a reasonable doubt, etc.," In instruction number 23 the court uses the following language:

"You are further instructed that if you entertain a reasonable doubt of the guilt of the defendant, which arises from the incomplete or unsatisfactory character of the evidence offered on behalf of the territory or from the evidence offered on the part of the defendant, or if you entertain such reasonable doubt from a consideration of all the evidence and facts and circumstances in evidence in the case, then it is your duty as jurors, to give the defendant the benefit of such doubt and acquit him."

And again in instruction number 34, the court, in defining a reasonable doubt, uses this language:

"If after considering all the evidence you can say on your oath as jurors and your conscience as men that you have an abiding conviction of the truth of the charge, amounting to a moral certainty, you are satisfied beyond a reasonable doubt."

The court having thus clearly and fully charged the jury as to the duty and responsibility resting upon them, we cannot perceive how the instruction offered and refused

could be considered and regarded as prejudicial error. Our statute provides that in an appeal in a criminal case this court must give judgment without regard to technical errors or defects, or exceptions which do not affect the substantial rights of the parties. And hence the objection appears to us to be technical, and does not affect the substantial rights of the prisoner, and for this court to hold that it is sufficient to reverse the cause, would in our judgment be in violation of the letter and spirit of the statute.

The next assignment of error argued in the brief of plaintiff in error is that the court erred in refusing to hear argument on the motion for new trial, and in support of this contention counsel have cited a number of Kansas cases which laid down the rule that it is error to overrule a motion for new trial *pro forma.* There is nothing in the record which shows that the court overruled the motion for new trial *pro forma,* that is, as a matter of form, and without giving the matter such consideration as the case warranted. It is true that the court declined to hear argument of counsel in support of the motion. There is nothing new raised in the motion for new trial that was not fully and ably presented by counsel for plaintiff in error during the progress of the trial of the cause. We think the trial court should hear reasonable argument by counsel upon a motion for new trial, and especially in a criminal case where a party is charged with the grave crime of murder. However, the mere refusal of a court to hear argument on a motion for a new trial does not necessarily constitute reversible error. Before this court will reverse a cause for the reason that the trial court declined to hear argument in support of a motion for new trial, it must clearly appear that there was an abuse of dis-

cretion, and that the party was prejudiced thereby. (*Pinson & Sunday v. Prentise,* 8 Okla. 143.)

And finally it is assigned and stated that the evidence is insufficient to sustain the verdict. This last assignment has necessarily required us to read all the testimony which is brought here and incorporated in the case-made. We have carefully read and weighed all the testimony, and we can reach but one conclusion, and that is that the evidence satisfies us beyond any reasonable doubt that the defendant has taken the life of Nelson H. Christian without justifiable or excusable cause, and that he is guilty as charged in the indictment of wilful and premeditated murder.

Finding no error in the record prejudicial to the rights of the defendant, and believing that substantial justice has been done between the territory and the plaintiff in error, the judgment of the district court of Garfield county is affirmed.

Irwin, J., who presided in the court below, not sitting; Beauchamp, J., dissenting; all the other Justices concurring.