In the Matter of the Application of H. PRIOR KING, as Executor of WILLIAM MOORE, Deceased, for a Discovery, Respondent, *v.* EUGENE L. ASHLEY, Appellant.

1. APPEAL — FINAL ORDER. An order punishing a witness for contempt in refusing to disclose information which was not privileged is a final order reviewable by the Court of Appeals.

2. ATTORNEY AND CLIENT — PRIVILEGED COMMUNICATIONS. Information or knowledge alleged to have been derived by an attorney from a deceased client, but which in fact was obtained from other sources, is not privileged under section 835 of the Code of Civil Procedure.

*Matter of King* v. *Ashley,* 96 App. Div. 143, affirmed.

(Argued October 6, 1904; decided October 28, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, made June 30, 1904, which affirmed an order of the Warren County Surrogate's Court punishing the defendant for contempt in refusing to answer certain questions.

The facts, so far as material, are stated in the opinion.

*Henry W. Williams* for appellant. The contempt was a civil one, and an appeal lies to this court, especially by a party to the proceeding. (Code Civ. Pro. § 190, subd. 1; *Van Arsdale* v. *King,* 155 N. Y. 325; *Matter of Strong* v. *Randall,* 177 N. Y. 400; *People ex rel.* v. *Dwyer,* 90 N. Y. 402; *Sudlow* v. *Knox,* 7 Abb. Pr. [N. S.] 411; *E. R. R. Co.* v. *Ramsey,* 45 N. Y. 637; *Matter of Dittman,* 65 App. Div. 343, 348; *People ex rel.* v. *Warner,* 51 Hun, 53.) Section 835 of the Code of Civil Procedure applies to proceedings of

this character. (*Tilton* v. *Ormsby*, 10 Hun, 7.) The respondent could not waive the provisions of section 835 of the Code of Civil Procedure. (*Westover* v. *Æ. L. Ins. Co.*, 99 N. Y. 56; *Loder* v. *Whelpley*, 111 N. Y. 239.) The communications between Moore and the appellant were privileged under section 835 of the Code of Civil Procedure. (*Charman* v. *Tatum*, 54 App. Div. 61; *Williams* v. *Fitch*, 18 N. Y. 546; *Bacon* v. *Frisbie*, 80 N. Y. 394; *Root* v. *Wright*, 84 N. Y. 72.)

*Edward M. Angell* for respondent. The appeal should be dismissed. (*Van Arsdale* v. *King*, 155 N. Y. 325; *Ray* v. *N. Y. B. E. R. R. Co.*, 155 N. Y. 102; *J. M. Agency* v. *Rothschild*, 155 N. Y. 255; *Matter of Attorney-General*, 155 N. Y. 441; *N. Y. S. Co.* v. *S. G. & E. L. Co.*, 156 N. Y. 645; *City of Johnstown* v. *Wade*, 157 N. Y. 50; *G. T. Co.* v. *P., etc., R. Co.*, 160 N. Y. 1.) The appellant could not claim his privilege as attorney to protect him from answering the first question asked him as to where he had been informed the will of Van Rensselaer was probated, he having previously testified that this information was not given him by his client, because this information was not privileged, it not being any communication made by his client to him. (*Crosby* v. *Berger*, 11 Paige, 377; *Bogert* v. *Bogert*, 2 Edw. Ch. 399; *Matter of Mellen*, 45 N. Y. S. R. 349; *People* v. *Buchanan*, 145 N. Y. 1, 26; *Coveney* v. *Tunnahill*, 1 Hill, 33; *People* v. *Peterson*, 60 App. Div. 118; *Matter of Whitlock*, 15 Civ. Pro. Rep. 204; *Mitchell's Case*, 12 Abb. Pr. 249; *Jones* v. *Reilly*, 174 N. Y. 97, 105; *Baker* v. *Arnold*, 1 Caines, 257, 266; *Rosseau* v. *Bleau*, 131 N. Y. 177; *Doheny* v. *Lacy*, 168 N. Y. 213; *Hebbard* v. *Haughian*, 70 N. Y. 54; *Hatton* v. *Robinson*, 14 Pick. 416; *Foster* v. *Hall*, 12 Pick. 89.) Though the language of section 835 of the Code of Civil Procedure is explicit that an attorney shall not be allowed to disclose communications made by a client to him in the course of his professional employment, yet there are many such communications which the courts have held not to be within

the section. (*People* v. *Buchanan*, 145 N. Y. 1; *Matter of McCarthy*, 55 Hun, 7; *Doheny* v. *Lacy*, 168 N. Y. 213; *Britton* v. *Lorenz*, 45 N. Y. 51; *Cooperson* v. *Pollon*, 30 Misc. Rep. 619; *Whiting* v. *Barney*, 30 N. Y. 330; *Root* v. *Wright*, 84 N. Y. 72; *Rosseau* v. *Bleau*, 131 N. Y. 177; *Collins* v. *Robinson*, 72 Hun, 495.) The rule of privileged communications is never applied where it will defeat the ends of justice, injure or prejudice the client who made the communication, or where its application would be against public policy. (*Pierson* v. *People*, 79 N. Y. 424; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281, 300; *Matter of Chapman*, 27 Hun, 573; *Sheridan* v. *Houghton*, 16 Hun, 628; *Lewin* v. *Redfield*, 2 Wkly. Dig. 198.) When the reason for the application of the rule of privilege fails as in this case, the rule will not be applied. (*Whiting* v. *Barney*, 30 N. Y. 330; *Hurlburt* v. *Hurlburt*, 128 N. Y. 420.) The privilege is that of the client, not of the attorney, and the courts will not permit the privilege to be claimed when the result would be to prejudice the client or his estate. (*Stein* v. *Bowman*, 13 Pet. [U. S.] 209; *Chirac* v. *Reinicker*, 11 Wheat. [U. S.] 280; *Hatton* v. *Robinson*, 14 Pick. 416; *Baker* v. *Arnold*, 1 Caines, 258; *Mitchell's Case*, 12 Abb. Pr. 249; *Yordan* v. *Hess*, 13 Johns. 492; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528, 592; *Jones* v. *Reilly*, 174 N. Y. 97; *Olmstead* v. *Webb*, 5 App. Cas. [D. C.] 38; *Nave* v. *Baird*, 12 Ind. 318.)

*Per Curiam.* This was a proceeding instituted under sections 2707 and 2709 of the Code of Civil Procedure for the examination of the appellant to obtain a discovery of his information concerning property belonging to the estate of William Moore, deceased. The appellant attended in answer to a citation, but declined to answer certain questions put to him on the ground that by section 835 of the Code of Civil Procedure, he was forbidden to disclose the information sought, having been the attorney and counsel of the deceased. The sole object for which the proceeding was instituted was to obtain the disclosure of information. We think that the

order punishing the witness for failure to answer is the final order in the proceeding, and, therefore, appealable to this court. (*People ex rel. Grant* v. *Warner*, 51 Hun, 53; affirmed on opinion below, 125 N. Y. 746; *Matter of Strong* v. *Randall*, 177 N. Y. 400.)

On the merits we think the order should be affirmed. It is not necessary to consider whether, by the execution and publication of a will disposing of his interest in the estate of William Van Rensselaer, the testator withdrew any communications he may have made to the witness, as to the identity and location of that estate, from the seal of confidence and the protection of section 857 of the Code. The questions for failure to answer which the appellant was punished are, as required by sections 11 and 2267 of the Code, specifically set forth in the order adjudging the appellant guilty of contempt. These questions do not call for communications from the deceased to the appellant, but for information which he had obtained from other sources as appears by his own testimony. It was settled in the cases which arose before the enactment of the Code provisions on the subject that the privilege of the attorney (or rather that of the client, for it is such) does not extend to everything which comes to his knowledge while acting as attorney or counsel, and does not include information derived from other persons or other sources. (*Crosby* v. *Berger*, 11 Paige, 377; *Bogert* v. *Bogert*, 2 Edw. Ch. 399; *Coveney* v. *Tannahill*, 1 Hill, 33.) The section of the Code is a mere re-enactment of the common-law rule. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420.) The appellant was, therefore, properly required to give all his information or knowledge on the subject that did not involve communications with the deceased.

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, MARTIN, VANN and WERNER, JJ., concur; GRAY and HAIGHT, JJ., absent.

Order affirmed.