(120 App. Div. 732)

BANKERS' MONEY ORDER ASS'N v. NACHOD et al.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

1. DEPOSITIONS—EXAMINATION OF WITNESSES—OBJECTIONS.
    Where no appeal was taken from an order obtained on notice by defendants directing the taking of the deposition of a witness and requiring the production by the witness of a certain letter, plaintiff's objections to the production of the letter by the witness after he had been sworn and to questions concerning it on the ground that it was a privileged communication were improperly sustained.

2. WITNESSES—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
    The production by the attorney of any paper which the client as a witness may be compelled to produce is not privileged.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 747, 753.]

3. MOTIONS—DEPOSITIONS—EXAMINATION OF WITNESSES—SCOPE.
    Under Code Civ. Proc. § 885, relating to depositions to be used on motion, where the order directing the taking of the deposition does not limit its scope, a full examination of the witness may be had.
    Lambert, J., dissenting.

Appeal from Special Term, New York County.

Action by the Bankers'. Money Order Association against Friedrich Nachod and others. From an order sustaining plaintiff's objections to the production of a letter by a witness whose deposition was directed

to be taken for the purpose of being used on a motion, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and LAMBERT, JJ.

George T. Hogg, for appellants.
Charles S. Davison, for respondent.

McLAUGHLIN, J. The plaintiff, after a trial, recovered a judgment against the defendants for upwards of $34,000. The defendants propose to move for a new trial, on the ground of newly discovered evidence, and they obtained an order, on notice, directing the taking of the deposition of a witness named, to be used on such motion. The order also provided for the production by the witness of a certain letter in his possession, to the end that the defendants might examine and photograph the same. No appeal was taken from such order. A copy of it and a subpoena duces tecum were duly served on the witness, and he appeared as directed before Special Term, Part 11, bringing with him the letter called for. After he had been sworn, he was asked to produce the letter, and the plaintiff objected to his doing so, and to substantially all the questions concerning it, on the ground that it was a privileged communication; the witness at the time he received it having been its attorney. The objection was sustained, as were also the objections to the questions asked. An order was entered reciting the proceedings and formally sustaining the objections, from which the defendants appeal.

I am of the opinion the order should be reversed. No appeal was taken from the order directing the witness to produce the letter referred to, and, if the order appealed from be permitted to stand, it would, in effect, reverse that order. The orderly administration of justice does not sanction such practice.

Not only this, but the letter is not, so far as appears, a privileged communication. A letter similar to it except that it was addressed to another person, was offered in evidence at the trial, where a question arose as to who actually signed it. The letter which the witness has in his possession does not appear to have been a confidential communication, and it is only such communications which are privileged. If, therefore, it be assumed that the witness was, at the time he received the letter, the attorney for the plaintiff, it does not appear this letter was sent to him as such attorney, and, if it were, the burden of showing it was on the plaintiff. It is to the client, and not to the attorney, that the law extends a privilege, and the production by the attorney of any paper which the client might be compelled to produce is not privileged. Matter of King v. Ashley, 96 App. Div. 143, 89 N. Y. Supp. 482, affirmed 179 N. Y. 281, 72 N. E. 106; Jones v. Reilly, 174 N. Y. 97, 66 N. E. 649.

Other objections were made to questions asked, on the ground that the inquiries addressed to the witness were not within the scope of the order; but the order directing the taking of the deposition did not limit its scope, and therefore the defendants were entitled to a full examination of the witness. Section 885, Code Civ. Proc. The questions, or

some of them, seem to be proper and pertinent to the inquiry, and the objections should have been overruled, and the witness allowed to answer. The effect of the proof, of course, can only be determined on the proposed action, when all of the facts are before the court.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, the objections to the production of the letter and the questions overruled, and the witness directed to appear and submit to an examination, and produce the letter in question.

INGRAHAM, CLARKE, and HOUGHTON, JJ., concur.

LAMBERT, J. (dissenting). Plaintiff recovered a judgment against the defendant for $34,372.63. The defendant desired to move for a new trial upon the ground of newly discovered evidence. An order was entered May 24, 1907, directing the taking of the deposition of Bainbridge, an attorney, for use on said motion, under the provisions of section 885 of the Code of Civil Procedure. The order provided for the production of a certain letter in the possession of Bainbridge. Upon the latter appearing for the purposes of the order, the plaintiff interposed objections to the introduction of the letter, and to substantially all of the questions relating to the same, and these objections were sustained. The defendant took exceptions, and this appeal follows.

It appears from the record that the letter was a communication from the plaintiff to Mr. Bainbridge, its attorney, in reference to the business affairs of the plaintiff, and this is a confidential communication, which the statute says shall not be disclosed by an attorney. Section 835, Code of Civil Procedure; Matter of Whitlock, 51 Hun, 351, 3 N. Y. Supp. 855. It appears, likewise, that the letter is merely a duplicate of a letter already in the possession of the defendants, or contained in the evidence, except that the other letter was addressed to an officer of the plaintiff. This does not, however, affect the question of the character of the letter addressed to Mr. Bainbridge in his capacity of attorney, and, as this letter would be merely cumulative evidence in the case, it could serve no useful purpose in the motion of the defendant for a new trial on the ground of newly discovered evidence. Cumulative evidence is not newly discovered evidence, in the sense that that term is understood in motions of this character.

The order sustaining the objections should be affirmed.