## PEARSON v. YODER *et ux*.

No. 2819.   Opinion Filed August 6, 1913.

(134 Pac. 421.)

1.   **WITNESSES—Confidential Communications—Attorney and Client.** An attorney is incompetent to testify as a witness of and concerning confidential communications had with his client.

2.   **SAME—Attorneys—Production of Client's Books.** An attorney may be compelled to produce papers belonging to his client, where the knowledge of their existence or contents is accessible to others or to the public.

3.   **SAME—Production of Papers.** An attorney may be compelled to produce in evidence any paper or record in his possession belonging to his client, which the client himself could be compelled to produce.

4.   **APPEAL AND ERROR—Harmless Error—Abstract Instructions.** The giving of an instruction which states a correct proposition of law, but which has no application to the issues involved, or the proof, will not warrant a reversal of judgment, unless it is apparent that such instruction misled the jury.

(Syllabus by Robertson, C.)

*Error from County Court, Tillman County;*
*T. E. Campbell, Judge.*

Action by W. C. Yoder and Bell Yoder against D. B. Pearson. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Wilson & Roe,* for plaintiff in error.

*Sam W. Johnson, H. P. McGuire,* and *S. D. Tant,* for defendants in error.

Opinion by ROBERTSON, C. This was an action by W. C. Yoder and wife to recover damages from D. B. Pearson on account of the wrongful recordation of a certain real estate mortgage. It is alleged in the petition that plaintiffs were the owners. of a certain described tract of land in Tillman county; that in the year 1909 they contracted with the defendant, Pearson, to make a loan of $1,800 on said place, said money to be secured for plaintiffs by Pearson through the company which he represented; that before the consummation of said contract they discovered that they were not obtaining the money at the rate of interest agreed upon, and refused to conclude the loan. Prior to their discovery that Pearson was charging them a higher rate of interest than they had agreed to pay, but after the note and mortgage had been signed by the plaintiff Bell Yoder, but not acknowledged before a notary public, and before her husband, W. C. Yoder, had signed the same, the said defendant, Pearson, with full knowledge of all these facts and without right or authority. of law, wrongfully placed said mortgage, signed by the plaintiff Bell Yoder alone, on record in the office of the register of deeds of Tillman county, and thereby cast a cloud upon plaintiff's title, and prevented them from making a loan with other parties, and damaged them in various other ways. The defendant answered by general denial. The cause was tried to a jury, and a verdict was returned in favor of the plaintiffs in the sum of $115.55. Motion for new trial was filed, considered, and overruled, and defendant brings error.

Many specifications of error are set out in the petition in error; but the plaintiff in error has treated but two or three of these in his brief, and is, therefore, deemed to have waived the others.

The first assignment relied upon is that the court erred at the trial in compelling one of the attorneys for plaintiff in error, defendant below, to produce the original mortgage signed by Bell Yoder, to be used in evidence in the trial of the case. The record

discloses that Mr. Wilson, one of the defendant's attorneys, was called as a witness, and the following questions propounded to him over the objection of the defendant:

"Q. Mr. Wilson, have you got the original mortgage in this case? A. I am unable to say. Q. I wish you would examine the papers then and see. (Defendant objects to the examination of this witness, as he has not shown himself competent to testify. Objection overruled, exception taken.) A. I have a paper here which purports to be a mortgage; I do not know whether it is the original mortgage or not. Q. I will ask you if the one you have there, if it is signed by Bell Yoder in ink. (Defendant objects, as the witness has not shown himself qualified to testify.) Q. Does that purport to be a certified copy. (Defendant objects.) A. It does not purport to be a certified copy. Q. Is it signed in ink by Bell Yoder? A. There is a signature, Bell Yoder. (Plaintiff asks to introduce instrument in evidence. Defendant objects as not the proper proof. Plaintiffs ask court that mortgage be turned over to them. Court orders mortgage turned over to plaintiffs. Exceptions taken by defendant.)"

The mortgage was thereupon delivered to the attorneys for plaintiffs, and was introduced in evidence as Exhibit B over defendant's objections.

It is insisted by the attorneys for the plaintiff in error that this was a violation of the rule of evidence, which prohibits confidential communications between attorney and client being disclosed in open court, unless the client waives the privilege. There is no merit in this contention. This class of evidence is not protected by the general rule which prohibits an attorney from testifying of and concerning confidential communications had with his clients. Communications (which frequently include the exchange and possession of documents and papers) between attorney and client during, and by reason of, their relation as such, made in confidence and for the purpose of enabling the attorney to perform his professional duty in regard to the matter communicated, or made by him in performing such duty, are privileged. 10 Ency. Evidence, 205. This is one of the well-established and generally recognized rules of evidence. This principle was recognized at common law, and such communications are protected by statute in every state in the Union. Section 5050, Rev,

Laws 1910. This is on the ground of public policy, and the object is to enable and encourage free and unembarrassed communication between attorneys and their clients, without which the rights of the latter would in many cases be infringed, and justice perverted. But it is not every communication that is privileged.

The exercise of this principle is governed by well-established rules, among which none is better known and recognized than that which provides that papers delivered to one's attorney shall not be held privileged, if the knowledge of their existence or contents is accessible to others or to the public. In such case an attorney can be compelled to produce them or to give their contents in evidence. In this case the mortgage was recorded in the office of the register of deeds of Tillman county, and was accessible to all, and its contents were known to the public generally, so much so that it operated as a cloud on plaintiffs' title. To be sure, plaintiffs had another method of proving its existence; but no objection is made to its introduction on that account, nor to the witness testifying on that ground. In *People v. Peterson,* 60 App. Div. 118, 69 N. Y. Supp. 941, it was held not error when an attorney for the defendants in a civil action was produced as a witness, and, under compulsion, presented the original summons and complaint in an action for damages for the breach of the promise of marriage, and identified it. It was claimed that it was error to permit him to testify, because he was the attorney for the defendants. But the court held that the testimony clearly did not come within his privilege, and said that:

"The only thing he was forbidden to disclose was the confidential communication. But the complaint in a civil action which had been made public is not a confidential communication at all, even if it could be said that it was in any sense a communication between the defendant and the attorney."

See, also, 10 Ency. Evidence, p. 272; *Alden v. Goddard,* 73 Me. 345; *State v. Kidd,* 89 Iowa, 54, 56 N. W. 263; *Warner Elevator Mfg. Co. v. Houston* (Tex. Civ. App.) 28 S. W. 405. See, also, as instructive cases on this subject, *Ex parte Maulsby,* 13 Md. 625; *Harrisburg Car Mfg. Co. v. Sloan,* 120 Ind. 156, 21 N. E. 1088; *Allen v. Hartford Life Ins. Co.,* 72 Conn. 693,

45 Atl. 955; *Bankers' Money Order Ass'n v. Nachod,* 120 App. Div. 732, 105 N. Y. Supp. 773; *Myers v. Kenyon,* 7 Colo. App. 112, 93 Pac. 888; Weeks on Attorneys at Law, sec. 168 *et seq.; Ruiz v. Dow,* 113 Cal. 490, 45 Pac. 867.

Another well-established exception to the general rule is that the attorney can be compelled to produce in evidence any paper or record in his possession belonging to his client, which the client himself could be compelled to produce. Without doubt Pearson could have been compelled to produce in evidence and testify concerning the mortgage in question. Hence his attorney, under the facts of the case, was not entitled to claim privilege, for, if he could do so, Pearson could in effect also obtain the same by simply delivering the paper to his attorney. *Mitchell's Case,* 12 Abb. Prac. (N. Y.) 249.

From a consideration of the foregoing, it is evident that the court did not err in holding that the witness was not within the privilege.

Complaint is next made on account of the alleged error of the court in giving instruction No. 4 to the jury, for that it was not within the issues, and tended to divert the attention of the jury from the real question involved. To our minds it was unnecessary to give this instruction. The question as to whether the instrument was, or was not, a mortgage was foreign to the case. That issue was not presented by the pleadings. The jury, however, could not have been misled thereby, and the verdict is so clearly right that, had it been different, the court should have set it aside, and in such case it has been held that the giving of an erroneous instruction in itself will not be sufficient grounds to warrant a reversal. *Mitchell v. Altus State Bank,* 32 Okla. 628, 122 Pac. 666. So, also, the giving of an instruction which states a correct proposition of law, but which has no application to the. issues involved, or proof, will not warrant a reversal of the judgment, unless it is apparent that such instruction misled the jury. *Payne v. McCormick Harvesting Mach. Co.,* 11 Okla. 318, 66 Pac. 287. An error in an instruction is not sufficient to cause a reversal where it does not affect materially the substantial rights of the appellant. *Doherty v. Ark.*

& Q. R. Co., 5 Ind. T. 537, 82 S. W. 899. An inaccurate instruction which could not have misled the jury is not ground for reversal. *Redus v. Mattison*, 30 Okla. 720, 121 Pac. 253; *Kuhl v. Supreme Lodge· Select Knights & Ladies,* 18 Okla. 383, 89 Pac. 1126; *Ward v. Richards,* 28 Okla. 629, 115 Pac. 791; *Barclay v. U. S.,* 11 Okla. 503, 69 Pac. 798; *Hodge v. Territory,* 12 Okla. 108, 69 Pac. 1077. Under the foregoing authorities we hold that appellant has been deprived of no substantial right by the giving of this instruction; that the jury could not have been misled thereby; that any other verdict which might have been reached should have been set aside; and that therefore the judgment should not be reversed on that ground alone.

Instruction No. 7, complained of by plaintiff in error, is a correct statement of the law under the facts of this case. This is especially true when we consider the fact that defendant's answer was a general denial of the allegations of plaintiffs' petition.

The other alleged errors, going to the character of the action, come too late for consideration in this court. Defendant, by his pleadings in the trial court, was willing to try this as an ordinary action for damages. The Code authorizes such proceedings, and the old, formal, common-law forms of pleading have been abolished; a cause of action was stated by the petition; as against defendant's general demurrer it was good. No motion to make the same more definite or certain was presented, and issue was joined by a simple general denial. It is now too late to complain of the proceedings, or to object to the language employed by plaintiffs in stating their cause of action.

The petition was sufficient under the statute, the verdict is amply sustained by the evidence, substantial justice was done by the judgment and the same should be, in all things, affirmed.

By the Court: It is so ordered.