DOLEMAN vs CITY OF MUSKOGEE, ET AL.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 601).

1. *Appeal—Error Assigned.*

Without assignment of error, the appellate court will take notice of a trial court's want of jurisdiction; however such errors are only receivable on proper assignment of errors.

2. *Same—Compliance with Court's Rule.*

If the trial court had jurisdiction and no error is presented to appellate court and no error appears from the record, the appeal will be dismissed because of lack of compliance with court rule 13, which requires appellant to file assignments of error and set out each error assigned separately.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Lawrence, March 30, 1906.

Suit by Jane Doleman against the city of Muskogee and others. From a decree for defendants, plaintiff appeals. Dismissed.

*C. J. Jones*, for appellant.

*W. J. Sullivan* and *Wm. F. Rampendohl*, for appellees

CLAYTON, J. This is an action in equity seeking to enjoin the city of Muskogee from interfering with complainant in the enjoyment of a certain town block, No. 237, located in the city of Muskogee. The complaint alleges that, long before the city was laid off by the townsite commission, she was the occupant of the lot in controversy, and had erected valuable and substantial improvements thereon, to wit, a fence and two houses; that she was the owner of them and in possession at the time the city was surveyed and laid off by said commission, and is still the owner and in possession of them; that

the townsite commission wrongfully and without notice to her arbitrarily scheduled the said lot to the defendant city; that the city, through its officers, have served notice on her to remove her houses from the said lot, and turn it over to it, and is trespassing on the land and threatening to tear down and remove therefrom her buildings. She, also, alleges that she has another suit against the defendant to quiet her title, and prays: First, for a temporary injunction restraining the defendant from such acts until her other suit may be heard and determined; and, second, that on the final hearing of this case the temporary injunction may be made perpetual. To this complaint the defendants filed an answer, denying that plaintiff is the legal or equitable owner of the land. They deny that plaintiff had any substantial improvements on it or was in possession of it. They allege that the city is the owner of the block by virtue of its having been scheduled to it by the townsite commission, and exhibited in proof a duly executed patent for it. They allege that the plaintiff accepted other property in lieu of it, and stood by and made no objection to the action of the commission in so scheduling the land to defendant, and therefore is estopped now to set up a claim to it.

The case was referred to a master who filed the following report of his findings of fact and law:

"(1)  I find that the plaintiff, Jane Doleman, at the time that the Muskogee townsite commission mapped, platted, and laid off the present city of Muskogee into lots, blocks, streets, and alleys, under the so called 'Curtis Bill,' and afterwards under the Creek Agreement, was in possession of the land which is now embraced in block No. 237 of the city of Muskogee; that the same was inclosed with a wire fence; and that there were located thereon two small shacks or shanties, which were of little value. (2) I find that the Muskogee townsite commission laid off and set apart the land now em-

braced in block No. 237 for public purposes and scheduled the same to the city of Muskogee; that the map does not show that this block was set aside for park purposes, but the accompanying schedules show as follows: 'Lot 1, block 237, Park, Public Use. City of Muskogee. Appraised value, $6.20.' (3) I find that Jane Doleman did not request the townsite commission to schedule this block to her, and did not enter a contest for the same before the townsite commission or the Secretary of the Interior. (4) I find that the townsite commission gave to the plaintiff, Jane Doleman, a strip of land lying north of her home place, about 75 feet in width by 425 feet in depth, which was not in her possession at the time, and which she accepted apparently in lieu of the small tract of land which had been set apart for park purposes. (5) I find that the map and plat so made by the Muskogee townsite commission, together with the accompanying schedules, were thereafterwards approved by the Honorable Secretary of the Interior, and that on March 28, 1903, the principal chief of the Creek Nation issued a deed or patent to said block No. 237 to the city of Muskogee, and the same was approved by the Honorable Secretary of the Interior on June 2, 1903, duly recorded and delivered to the proper authorities of said city, and that the city of Muskogee paid the appraisement thereon. (6) I find that the city council of Muskogee ordered the defendant Jack Holstein, street commissioner, to remove the 'shacks or shanties' off of said block, and that the defendant Jack Holstein notified the plaintiff of his intention to do so, as alleged in the plaintiff's bill of complaint. (7) I find, as requested by the plaintiff, that she was the owner of such improvements as were then upon block 237, and that the townsite commission did not serve any notice upon her as to its proceedings with reference to said block.

"Conclusions of Law. From the testimony in this cause and the foregoing findings of fact, I conclude: (1)

That the townsite commission evidently found, as a matter of fact, that the improvements located upon this block were of a temporary nature, and not 'improvements other than temporary buildings, fencing and tillage,' and from the evidence in this case, its findings should not be disturbed.    (2) That the plaintiff, Jane Doleman, in accepting other land of which she was not in possession, and permitting the same to be platted and scheduled to her without objection, in lieu of the land taken for a park, is now estopped from claiming any right, title, or interest in and to the land in controversy, block No. 237, so set apart for public use."

There is no assignment of errors filed in the court below, nor is there any presented in the brief of appellant. "An appellate court will notice, without objection or assignment of errors, the lack of jurisdiction of an inferior; but alleged errors in the exercise of its jurisdiction can be presented only by appeal or writ of error, and a proper assignment of errors." Morrison vs Burnette et al (decided by the Circuit Court of Appeals for the Eighth Circuit, at May Term, 1907) 154 Fed. 617.

Rule 13 of this court is as follows: "Assignment of Errors.—The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed.    When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected.    When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused.    Such assignment of errors shall form part of the transcript of the record and be printed with it.    When this is not done, counsel will not be heard, except

at the request of the court; and errors not assigned according to this rule will be disregarded; but the court, at its option may notice a plain error not assigned."

As the court below had unquestioned jurisdiction of this cause and of the parties, and no error has been presented, and no "plain error" appears from the record, the appeal is dismissed for want of compliance with rule 13.

GILL, C. J., and TOWNSEND, J., concur.