DUNLAP & TAYLOR v. FLOWERS *et al.*

No. 809, Ind. T.    Opinion Filed June 25, 1908.

(96 Pac. 643.)

1.    **APPEAL AND ERROR—Review—Assignment of Errors—Refused Instructions.** An alleged error of the trial court in refusing to give a requested instruction in a case pending on the docket of the United States Court of Appeals of the Indian Territory at the time of the admission of the state will be disregarded by this court, unless such requested instruction be set out in the assignment of errors in conformity with rule 13 of the United States Court of Appeals of the Indian Territory.

2.    **TRIAL—Instructions—Refusal.** It is error for the court to refuse to give a requested instruction upon a proposition of law applicable to the issues and evidence in the case, when such instruction is not submitted or covered by any other instruction of the court's charge or by the charge of the court taken as a whole.

3.    **APPEAL AND ERROR—Review—Refusal of Instruction—Insufficient Record.** This court will not consider an alleged error of the trial court for refusing to give a requested instruction when the record does not disclose affirmatively that such instruction was requested and refused by the court, and exception taken thereto.

4.    **REPLEVIN—Verdict—Separate Valuation—Waiver.** The right of defendant in a replevin action to a separate valuation in the verdict of each distinct item of property is waived if he does not demand a separate valuation in the verdict, or object to the verdict in solido before the jury is discharged.

(Syllabus by the Court.)

*Error from Western District of the Indian Territory; Louis Sulzbacher, Judge.*

Action in replevin by John and Ella Flowers against Dunlap & Taylor. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

This is an action in replevin brought by John and Ella Flow-

ers, defendants in·error, plaintiffs below, against Dunlap & Taylor, plaintiffs in error, defendants below, in the United States commissioner's court for the Western district of the Indian Territory, in which court verdict and judgment were rendered in favor of defendants, from which judgment plaintiffs appealed to the United States Court for the Western District of the Indian Territory at Wagoner, in which court judgment was rendered in favor of plaintiffs. Defendants appealed to the United States Court of Appeals of the Indian Territory, at South McAlester, and the case is now before this court for final disposition under the provisions of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267).

*W. T. Hunt,* for plaintiffs in error.
*R. C. Allen, J. C.·Pinson* and *W. G. Robertson,* for defendants in error.

HAYES, J. (after stating the facts as above). On the 16th day of February, 1904, one Bob Sudduth executed and delivered to the plaintiffs in error his chattel mortgage, whereby he conveyed two certain mules to plaintiffs in error to secure the payment of one promissory note of even date of the mortgage, for the sum of $110.11 and to secure the payment of the further sum of $100 for merchandise, supplies, and moneys to be furnished during the year 1904, and to be charged on open account. At the time of the execution of the mortgage Sudduth was in possession of the mules. Later possession of the mules was taken by plaintiffs, and from them possession was taken by defendants, who were the mortgagees under said mortgage, and it was for their possession that this action was brought by plaintiffs. Defendants executed a retainer bond, and retained possession of the mules.

The evidence developed that Ella Flowers, one of the plaintiffs, was the owner of the mules in controversy at the time of the execution of the mortgage by Sudduth, and that during the year preceding the execution of the mortgage by Sudduth she had

executed a mortgage on the same mules to defendants; that Sud-duth had subsequently married and moved some 16 miles from where Ella Flowers, who was his mother, then lived, and carried with him the mules. In the month of March following the execu-tion of the mortgage plaintiff Ella Flowers was in the store of defendants, and one R. A. Ross, defendants' bookkeeper, testified that he had the following conversation with her:

"Q. Did you ever have a conversation with Ella Flowers, plaintiff in this suit, about those mules? A. Yes, sir. Q. State when, where, and what the conversation was: A. It was some time in March, 1904, in defendants' store. I saw Ella Flowers near the front door, and called her back to the desk, and told her we had heard that she claimed the mules that Bob had mort-gaged to defendants, and she said that the mules were hers. I then explained the terms and conditions of the mortgage, and that it was to secure the $100 she and him owed on their 1903 account and $100 he was to trade the present year. She then asked how much he had traded up to that time, and I told her $30. She said: 'Then it's all right; but don't let him have any more than the $100.' Q. Did defendants let him have any more goods after that? A. Yes; $60. Q. Why did you sell him more goods if she claimed to own the mules? A. Because she said it was all right. Q. Would you have furnished him any more goods if she had not said it was all right? A. No, sir."

Plaintiff Ella Flowers denies that she ever told witness Ross, defendants' bookkeeper, that the mortgage was all right, or not to let Sudduth trade more than $100. Upon this state of facts the case was submitted to the jury.

Plaintiffs in error in their brief made the following specifi-cations of error upon which they rely for reversal of this case.

"(1)   The court erred in that part of its instructions to the jury which is in words and figures as follows, to wit: 'The jury is instructed that, if they find from the evidence that plaintiff Ella Flowers owned the mules at the time of the execution of the mortgage by Sudduth to defendants, she is entitled to their pos-session, and you should find the issues in favor of plaintiffs; but, if you find from the evidence that Sudduth owned the mules at

the time he executed the mortgage to defendants, you should find the issues for the defendants.'

"(2) The court erred in refusing to instruct the jury as requested by plaintiffs in error, which said instruction is in words and figures as follows, to wit: 'The court further instructs the jury that, if they find from the evidence that Dunlap and Taylor, or their representative called the plaintiff's, Ella Flowers', attention to the fact that they held a mortgage on the mules in controversy in this suit, and she made no objection to the mortgage on the mules or the validity thereof, and, further, that she authorized and instructed the defendants to extend further credit on the account for which the mortgage was given as security, that she thereby ratified the execution of the mortgage, and it is immaterial in this suit as to whether she owned the property, or Sudduth. And she is estopped from setting up title in opposition to the mortgagees, Dunlap & Taylor.'

"(3) The court erred in refusing to instruct the jury as requested by plaintiffs in error as follows, to wit: 'If the jury find from the evidence that defendants, after the execution of said mortgage, had a conversation with the plaintiff Ella Flowers with reference to the mortgage, and that she remarked, "It was all right, but not to let him, Sudduth, have more than $100," and that defendants thereafter and upon the strength of said conversation sold said Sudduth $60 on said account, and that said $60 is still owing to defendants, plaintiffs are estopped from denying the validity of said mortgage as to said $60, and you should find in favor of defendants.'

"(4) The court erred in receiving the verdict of the jury which is in words and figures as follows, to wit: 'We, the jury, find the issues for the plaintiffs John and Ella Flowers, and find that they were the owners of and entitled to the possession of the mules in question at the time of bringing of this suit, to wit, May 6, 1904, and that the mules were of the value of $145; and we further find that the plaintiffs are entitled as damages against defendant to 6 per cent. per annum on the above amount from the date of the filing of this suit to the present time.' "

We shall discuss the errors relied upon in the order here set out.

The first error complained of, and for which a reversal of this case is asked, we find was not included in plaintiffs in error's

assignment of error as set out in the transcript, and under rule 13 of the United States Court of Appeals of the Indian Territory, under which rule this appeal was perfected, and by which this case is controlled, it is provided that, "when the error complained of is to the charge of the court and the same is not set out *totidem verbis* whether it be as to an instruction given or an instruction refused, the same will be disregarded." *Doleman v. City of Muskogee et al.* (Ind. T.) 104 S. W. 601. Plaintiffs in error in their brief do not discuss this specification of error and appear to have abandoned same, and we shall therefore, under the provisions of said rule, refuse to further consider it.

Plaintiffs in error insist that the refusal of the trial court to give the instruction requested by them as set out in their second specification of error was a reversible error. We think this instruction should have been given. It presented to the jury the only issue of defense presented by the evidence of defendants. It was not controverted by the evidence that plaintiffs were the owners of the mules, but defendants relied for their defense upon the consent and acquiescence of Ella Flowers to the acts of Sudduth in mortgaging the mules to defendants. The evidence does not disclose that prior to the time the mortgage was executed plaintiff Ella Flowers had done anything to mislead defendants, but upon their learning that she claimed the mules in controversy, desiring to know the right of Sudduth to mortgage the property, and before they had furnished Sudduth all the supplies on the account, to secure which the mortgage had been given, they asked her what she had to say about the mortgage, and it is their contention that she said that she owned the mules, but that she acquiesced in Sudduth treating them as his own, and in his mortgaging them for the purpose of securing the debts therein described. The language of the requested instruction, in that it says that "if the plaintiff Ella Flowers, upon being told by the defendants of the mortgage, did not object thereto, but authorized and instructed the defendants to extend further credit on the account for which the mortgage was given as security," could have

been made more nearly accurate by having requested the court
to instruct the jury that if she consented and acquiesced in the
acts of Sudduth in giving said mortgage, but the modification of
the phrase, "if she made no objection," which is effected by the
subsequent language of the instruction, to the effect that if "she
authorized and instructed the defendants to extend further credit
on the account," we think substantially pronounces the law ap-
plicable to the case; and, since defendants' theory of defense was
not covered by the court in any other instruction to the jury and
the issue therein involved was the only issue of defense in defend-
ants' case, we think the refusal of the court to give same was
reversible error.

After careful examination of the record, we fail to find that
the instruction, the refusal of which is complained of by plain-
tiffs in error in the third specification of error, was ever re-
quested by plaintiffs in error and refused by the court and excep-
tions taken thereto. This court will not consider an alleged error
of a trial court in refusing to give a requested instruction, unless
it affirmatively appears from the record that such instruction was
requested by the complaining party and refused by the trial court,
and exception taken thereto. *Saxon v. White, ante,* p. 194, 95
Pac. 782.

By the fourth specification of error in plaintiffs in error's
brief, they insist that the court erred in receiving the verdict of
the jury which fails to find the value of the mules separately, but
assesses the value of both in one sum. By sections 5145, 5181,
Mansfield's Dig. Ark., in force in the Indian Territory, and con-
trolling in this case, it is provided that in actions for recovery of
personal property the jury must assess the value of the property
whenever by their verdict there will be a judgment for the re-
covery or return of the property, and judgment in such cases for
the plaintiff may be for the delivery of the property or for the
value thereof. In construing these sections of the statute, the
Supreme Court of Arkansas has held, as contended for by the
plaintiffs in error, that the jury should assess separately the value

of each article in order that the defendant who retains the several distinct articles of property may return any one of them or their value. *Hanf v. Ford*, 37 Ark. 544. But the court also held in that case, which was followed by the same court in *Hobbs v. Clark*, 53 Ark. 411, 14 S. W. 652, 9 L. R. A. 526, that, if the defendant does not demand a separate valuation before the verdict of the jury is returned, or object to the verdict *in solido* before the jury is discharged, he waives his right to have a separate valuation in the verdict.

The record in this case discloses that defendants made no demand for separate valuation before the verdict was returned, and it does not disclose that any objection or exception was made by them to the verdict before the jury was discharged, or at any other time until made in this court.

For the errors of the trial court herein mentioned, the cause is reversed and remanded.

All the Justices concur.