## HUMPHREY v. MORGAN.

No. 1181.   Opinion Filed November 18, 1911.

(120 Pac. 577.)

1.   ANIMALS—Injuries by Dogs—Evidence—Instructions.   Plaintiff was injured by the falling of his horse.   He alleged the falling was caused by two dogs belonging to defendant barking and jumping at the horse.   Plaintiff testified that he saw only one dog, a water spaniel.   A witness for plaintiff testified that he saw three dogs, and that the one that jumped at the horse was a cur dog.   The third dog was a bird dog.   There was no proof that the cur dog belonged to the defendant, and no proof that the bird dog had any thing to do with the injury.   The court instructed the jury that there was no proof that the bird dog had anything to do with the injury.   Held, that it was error for the court to refuse an instruction requested by the defendant to the effect that, if the cur dog caused the injury, the plaintiff could not recover.

2.   TRIAL—Instructions—Conflicting Evidence.   In a case where the evidence is sharply conflicting, the issues should be carefully defined by the instructions, and, if requested, the court should eliminate all questions upon which there is a failure of evidence.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County; John J. Carney, Judge.*

Action by Harry Morgan, by Chartley Morgan, his next friend, against J. T. Humphrey.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*Everest, Smith & Campbell,* for plaintiff in error.

*Porter H. Morgan* and *Moss, Turner & McInnis,* for defendant in error.

Opinion by ROSSER, C.   This case is brought here·from the district court of Oklahoma county to review a judgment of that court in favor of the defendant in error, Harry Morgan, hereinafter called plaintiff, against the plaintiff in error, J. T. Humphrey, hereinafter called defendant, for the sum of $2,000 as damages for the fracture of his right leg, caused by his horse

falling upon him as he was riding along the street in Oklahoma City. It is alleged by plaintiff that the falling of his horse was caused by a dog, or some dogs, belonging to defendant, running out and barking at his horse, and jumping at its head. The case-made contains 160 pages. The defendant has assigned numerous errors, and briefs and supplemental briefs have been filed by each party, discussing a large number of questions. It will not be necessary in the determination of the case to examine and pass upon all the questions argued in the briefs of counsel. The evidence shows that, as the plaintiff was riding in a gallop along the street between 6 and 7 o'clock in the morning, some dogs or a dog ran out barking at his horse, and that the pony jumped and fell down, injuring the plaintiff. There was evidence that the pony the plaintiff was riding was a gentle pony but lively on cool mornings, and that she was pretty sure footed, but that she had fallen on one or two occasions before, once on the pavement as she was turning a corner.

The witnesses on the part of the plaintiff did not agree as to the number of dogs that were present at the time of the injury. The plaintiff himself only noticed one dog, which he testified looked like the water spaniel which was kept by the defendant. J. W. Pryor, the only other witness who noticed dogs at all, testified that he saw three dogs, one a yellowish-brown cur, the other a short brown dog, that looked like a water spaniel, and the third a spotted bird dog. None of the defendant's witnesses noticed any dogs at all. The plaintiff testified that the dog that looked like the water spaniel jumped at his horse's head. J. W. Pryor testified that it was the yellowish cur that jumped at the pony's head, and that the water spaniel approached it from behind. Pryor testified that immediately after the injury the dogs seemed to disappear in front of a house close by. It was admitted that the spotted bird dog belonged to the defendant, but there was no evidence whatever that he made any attack upon the horse in any way, and the court instructed the jury to that effect. The defendant admitted that he kept the water spaniel, but denied ownership. There was no evidence whatever that the de-

fendant owned, kept, harbored, or had anything to do with the yellow cur dog.

The defendant requested the court to instruct that if they found from the evidence that the cur dog, not the property of defendant, and not kept or harbored by him, ran out, barked, or jumped at the horse which the plaintiff was riding, so as to cause it to fall, that their verdict should be for the defendant. This instruction was refused by the court, and the defendant excepted to his refusal to give it.

Among other instructions given by the court, he instructed the jury, over the objection of defendant, as follows:

"Instruction 7. You are instructed that if you believe from the evidence that the defendant, prior to the accident knew of, or should have known by 'the exercise of reasonable care and prudence, as defined in these instructions, the said dogs were in the habit of, or were accustomed to, running into the street or public highway, barking at, annoying, or frightening horses passing along such highway, being either ridden, or driven, or otherwise under the control of the person in charge thereof, then you are instructed that the defendant must have safely and securely kept said dogs, and, if you find from the evidence the dogs were the proximate cause of the injury complained of, your verdict should be for the plaintiff, without regard to the care or diligence exercised by the defendant in control of said dogs, and in keeping them off the street or public highway."

"Instruction 8. The court instructs the jury that it is not absolutely necessary that the defendant should have actual knowledge that the dogs were in the habit of or accustomed to running into the streets, barking at or annoying passing horses being ridden or driven. It is sufficient if the said defendant has seen or heard enough to convince a man of ordinary prudence of their inclination to commit the acts of the class complained of by the plaintiff, or if you believe from the evidence that prior to the accident the dogs were in the habit of and accustomed to running into the streets and barking at passing horses being ridden or driven, and had been doing so for a sufficient length of time for an ordinarily prudent man exercising care or diligence to have ascertained that fact, then you are instructed as a matter of law the defendant had knowledge of such habits and customs of said dogs."

The instructions requested by the defendant with reference to the cur dog should have been given. There was no evidence that it belonged to the defendant, and the defendant was not responsible for injuries caused by it. The court instructed the jury that there was no evidence connecting the bird dog with the injury, and that they need not consider any of the evidence as to its character or habits, and the fact that he did so instruct the jury with reference to the bird dog, taken in connection with the instruction set forth, in which he told the jury if defendant knew, or should have known by the exercise of reasonable care, that the "dogs" were in the habit of running to the streets or highway, and barking at and annoying horses, etc., that it was the duty of the defendant to securely keep the "dogs," and that, if they found from the evidence that the "dogs" were the proximate cause of the injury, their verdict should be for the plaintiff; and, also, that it was not absolutely necessary that the defendant should have actual knowledge that the "dogs" were in the habit of running into the streets, etc., using the plural all through both instructions, was calculated to leave the wrong impression upon the minds of the jury. There had been proof of the presence of three dogs at the place where the horse fell, and the only witness, except the plaintiff, had testified that the cur dog was the one that jumped at the horse's head. Using the plural in his instructions, and instructing the jury that the bird dog was in no way responsible for the injury, and not to consider the proof with reference to the bird dog, had a tendency to confuse the jury as to whether they should consider the evidence with reference to both the cur and spaniel. As many witnesses testified that the cur dog was the dog that jumped at the horse's head as testified that the water spaniel did so; and the jury should have been instructed that they could not find against the defendant if the cur dog caused the injury. Under the evidence in the case, before the plaintiff was entitled to recover, the jury must have found that the spaniel was the cause of the injury. There had been at least a slight effort upon the part of the plaintiff to show in his examination of Judge Harper and wife that the

defendant kept the cur dog at the time. In the statement of the issues the court had told the jury that the plaintiff claimed that the injuries were caused by two dogs belonging to defendant, and nearly the whole instruction seemed to be based on the idea that there were two dogs in the case. The evidence had eliminated all the dogs but the water spaniel.

In a case where the evidence is sharply conflicting, the instruction should carefully explain the issues to the jury, and, if requested, the court should eliminate all questions upon which there is a failure of evidence. See *Dunlap & Taylor v. Flowers,* 21 Okla. 600, 96 Pac. 643; *Bales v. Northwestern Consol. Milling Co.,* 21 Okla. 421, 96 Pac. 599.

There are a number of other questions in the case, but, as the case must be reversed for the reason given, it is not necessary to decide the other questions.

The case should be reversed, and remanded for a new trial.

By the Court: It is so ordered.

All the Justices concur.