## CHICKASHA COTTON OIL CO. v. BROWN.

No. 2757.   Opinion Filed May 20, 1913.

Rehearing Denied September 2, 1913.

(134 Pac. 850.)

1.  **NEGLIGENCE — Definition — Instructions.**   An instruction that
    "negligence may be described in a general way as the absence
    of ordinary care according to circumstances, or, in other words,
    a failure to exercise such care as the circumstances demand, by
    doing what there is a duty to leave undone, or failing to do what
    there is a duty to do," and which fails to define ordinary care,
    is defective in that it leaves it to the jury to say what the
    circumstances demand and does not inform them that the meas-
    ure of defendant's duty is what a reasonable person of ordinary
    prudence would have considered necessary under the circum-
    stances.

2.  **TRIAL—Instructions.**   Where the evidence is sharply conflicting,
    instructions should be accurate.

3.  **NEGLIGENCE—"Contributory Negligence."**   Contributory neg-
    ligence is the want of ordinary care upon the part of the person
    injured by the negligence of another which, combining and con-
    curring with the negligence of the defendant, proximately con-
    tributes to the injury.

(Syllabus by Rosser, C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by J. W. Brown against the Chickasha Cotton Oil
Company.   Judgment for plaintiff, and defendant brings error.
Reversed and remanded.

*Jas. S. Ross, Geo. L. Zink,* and *J. H. Cline,* for plaintiff in
error.

*L. M. Keys,* for defendant in error.

Opinion by ROSSER, C.   This was an action by J. W.
Brown against the Chickasha Cotton Oil Company to recover
damages for injuries sustained by the plaintiff while attempting
to apply some dressing to a belt in one of the defendant's gins.

The defendant assigns as error the giving of certain instructions and the refusal of certain instructions requested by it: The defendant complains of the portion of the third instruction given as follows:

"The court instructs the jury that negligence may be described in a general way as the absence of ordinary care according to circumstances, or, in other words, a failure to exercise such care as the circumstances demand, by doing what there is a duty to leave undone, or failing to do what there is a duty to do. If the duty is owing to the party injured, and the injury proximately results from such breach of duty, that is· usually actionable negligence for which damages may be recovered, unless the injured party was himself guilty of contributory negli·· gence."

It is claimed that this instruction is erroneous because it does not tell the jury that they are to measure negligence by what a prudent person would have done or would have left undone under the circumstances. This instruction is open to the objection that it does not give a proper standard by which to measure ordinary care. Another instruction· does define ordinary care, so far as the plaintiff's duty was concerned, in connection with an instruction as to what would constitute contributory negligence, but no standard as to what constituted ordinary care on the part of the defendant is contained in any of the instructions given. The standard by which ordinary care is measured is what an ordinarily reasonable and prudent man would have done or left undone under the same circumstances. Probably the best definition of negligence that can be given to a jury is that given in Anderson's Law Dict., which is as follows:

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done."

*C., R. I. & P. Ry. Co. v. Watson,* 36 Okla. 1, 127 Pac. 693.

The criterion of negligence is always what a reasonable and prudent person would consider necessary under the circumstances. Under the instructions given, the jury were left free to find the defendant guilty of negligence if they decided the circumstances demanded more care than was used, though the defendant may

have used all the care a reasonable and prudent person would have considered necessary under the circumstances. Where the evidence is sharply conflicting, as in this case, it is necessary that instructions should be accurate in all material particulars. See *Humphrey v. Morgan,* 30 Okla. 343, 120 Pac. 577; *Dunlap v. Flowers,* 21 Okla. 600, 96 Pac. 643; *Bales v. N. W. Consol. Milling Co.,* 21 Okla. 421, 96 Pac. 599.

Defendant also complains of instruction number 4, which was as follows:

"Contributory negligence is the want of ordinary care upon the part of the person injured by the actionable negligence of another, combining and concurring with that negligence and contributory to the injury as the proximate cause thereof, without which the injury would not have occurred."

Defendant contends that this instruction is error because it assumes that the defendant was guilty of actionable negligence.

In actions for damages caused by negligence, where the defense of contributory negligence is made, the first question for the jury to determine is whether the defendant has been guilty of negligence. Unless the proof shows that the defendant is guilty of negligence, it is not necessary for the jury to consider the question of contributory negligence. The defendant not having been guilty of negligence, it is not liable, regardless of the question of plaintiff's negligence. It is only where the evidence shows negligence upon the part of the defendant that the question of contributory negligence becomes involved. But, when the evidence shows negligence upon the part of the defendant, then where the defense of contributory negligence is made it becomes the duty of the jury to go further and ascertain whether the plaintiff has himself been guilty of contributory negligence. If he has, he cannot recover, although the evidence may show that the defendant was guilty of negligence. The instruction given, therefore, while not accurate, is not such error as would cause a reversal of the case if the other instructions were correct. A better instruction would have been that contributory negligence is the want of ordinary care upon the part of the person injured by the negligence of another which, combining and concurring

with the negligence of the defendant, proximately contributes to the injury. *St. L. & S. F. R. Co. v. Elsing,* 37 Okla. 333, 132 Pac. 483.

Several other objections to instructions given and refused are raised, but the same questions are not likely to arise on another trial and therefore will not be considered.

For the error in failing to define ordinary care, the case should be reversed and remanded.

By the Court: It is so ordered.