CHICKASAW COMPRESS CO. v. BOW.

No. 4245.     Opinion Filed June 8, 1915.

(149 Pac. 1166.)

1.  **TRIAL—Instructions.** It is the duty of the court to give instructions that are fairly correct in all material parts, and to state correctly the law as applicable to the case on trial, and not to state abstract principles.

2.  **SAME.** It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

3.  **MASTER AND SERVANT—Duty of Master—Safe place to Work.** It is not error for the court, in an instruction as to the master's duty relative to the working place of his servant, to say, "It was the duty of the master to provide a suitable and reasonably safe place," etc.; but a better statement of the duty would be, "The master is required to use ordinary care in providing a reasonably safe place in which his servant is to work."

4.  **DAMAGES—Instructions.** An instruction, otherwise correct as to the measure of damages and the elements to be considered in the assessment thereof, is not erroneous for failure to tell the jury their verdict must be based upon the evidence, where in the general charge this direction is given.

5.    **APPEAL AND ERROR**—Abstract Instructions—Harmless Error. The giving of an instruction which states a correct principle of law, but which has no application to the issues involved or the proof, will not warrant a reversal of the judgment, unless it is apparent that such instruction misled the jury.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by L. T. Bow against the Chickasaw Compress Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Potterf & Walker* and *J. S. Ross,* for plaintiff in error.

*Johnson & McGill* and *Harreld & Ward,* for defendant in error.

HARDY, J.    Plaintiff was night watchman for the Chickasaw Compress Company, and his duties consisted of protecting the defendant's property from fire and thieves, and he was required to visit certain keys attached to posts with a time or watch clock, situated at different points around the property at regular intervals, to turn the keys, which was to show that he was performing his duties. September 20, 1910, while making his rounds at night, he fell into a hole in the platform, and suffered injury, and brought this action. Verdict was rendered in his favor, and defendant brings error.

The only matters urged in the brief of plaintiff in error are alleged errors of the court in instructions given to the jury. Objection is made to instruction No. 5 for the reason that it is not a correct definition of negligence, in that it omits to include therein certain elements necessary to constitute a correct definition of such term. It is admitted by counsel for defendant in error that this instruction is not a correct definition of negligence as announced by this court in *Chickasha Cotton Oil Co. v.*

*Brown,* 39 Okla. 245, 134 Pac. 850; but it is insisted that, when considered in connection with other instructions and applied to the facts in the case, reversible error cannot be found. No. 5 is merely an attempt by the court to give an abstract definition of negligence.

In instruction No. 9 the court instructed the jury as follows:

"You are instructed that it is not the duty of the employer to provide a place to work which is absolutely safe, and the law imposes on the employer, which in this instance would be the compress company, only the obligation to use reasonable and ordinary care, skill, and diligence in furnishing a suitable and safe place for its employees to work. In this instance the burden is on the plaintiff to show that the defendant company did not use reasonable and ordinary care, skill, and diligence in furnishing him a suitable and safe place in which to perform the duties incumbent upon him, and unless he does this by a fair preponderance of the testimony, or if from the testimony you find that the compress company did use reasonable and ordinary care in furnishing a place to work, then it would be your duty to find a verdict for the defendant in this case."

In this instruction the jury were told by the court that it was the duty of the compress company to use reasonable and ordinary care and diligence in furnishing to plaintiff a suitable and safe place in which to perform the duties incumbent upon him, and it was not the duty of the employer to provide a place to work which was absolutely safe. This instruction stated to the jury the correct measure of duty which the law imposes upon the master with regard to furnishing a reasonably safe place in which his employees are required to work, and makes a substantially correct application of the principle to the facts of this case. *Meeley v. S. W. Cotton Oil Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; *Choctaw Electric Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Frederick Cotton Oil & Mfg.*

*Co. v. Traver,* 36 Okla. 717, 129 Pac. 747; *Great Western Coal & Coke Co. v. Malone,* 39 Okla. 693, 136 Pac. 403; *Frisco Lumber Co. v. Thomas,* 42 Okla. 670, 142 Pac. 310; *Texas Co. v. Collins,* 42 Okla. 374, 141 Pac. 783; *Midland Valley Ry. Co. v. Williams,* 42 Okla. 444, 141 Pac. 1103; *Dolese Bros. v. Smith,* 42 Okla. 452, 141 Pac. 775; *C., R. I. & P. R. R. Co. v. Bennett,* 36 Okla. 358, 128 Pac. 705; *Dewey Port. Cement Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659; *C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876. And we do not think that the jury could have misunderstood the measure of duty owing by plaintiff in error to the defendant in error at the time of the accident.

No. 6 is also complained of for the reason that it is not a correct definition of contributory negligence, that it is confusing and misleading, and fails to make any reference to the degree of prudence and care that plaintiff should have exercised for his own safety. Standing alone, this instruction would not be sufficient upon that question, and would be fairly subject to the criticism made against it.

No. 10 is as follows:

"You are instructed that it was the duty of the Chickasaw Compress Company to provide a suitable and reasonably safe place for the plaintiff to work, and if you believe from the evidence that the said company had caused a hole to be torn up in the platform and and left the same open, without any notice to the plaintiff and without any warning, and that while in the exercise of ordinary care he did not discover that said hole was open, and in pursuing his duty as an employee of said company passed along the way and fell into said hole by reason of the negligence of said compress company, then your verdict should be for the plaintiff for such amount as in your judgment he is entitled."

In No. 8, which is not excepted to, the court also told the jury that it was the duty of the plaintiff to exercise

ordinary care and diligence to observe and become cognizant of obvious defects in the machinery and working place, and that he was charged with the knowledge and assumption of the risk of any defects which were known to him, or which could have been known by the use of ordinary care to a person of reasonable prudence and diligence in his situation.

No. 7, to which no exceptions were reserved, is as follows:

"You are instructed that where there is danger, and the peril is known, whoever encounters it voluntarily and unnecessarily cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk. If you find from the evidence that there was danger, and the peril was known to the plaintiff, and he unnecessarily and without ordinary prudence was injured thereby, then there is no liability on the part of the defendant, and your verdict should be for the defendant."

Considering instructions Nos. 10, 8, and 7 together, we find that the court has instructed the jury that it was the duty of the plaintiff to exercise ordinary care and diligence to observe and become cognizant of obvious defects in the machinery and working place, and that he was charged with the knowledge and assumption of the risk of any defects which were known to him, or which could have been known by the use of ordinary care to a person of reasonable prudence and diligence in his situation, which is the correct rule as to assumption of risk. *Great Western Coal & Coke Co. v. Cunningham*, 43 Okla. 417, 143 Pac. 26; *Coalgate Co. v. Hurst*, 25 Okla. 588, 107 Pac. 657. And, further, that where there is danger, and the peril is known or could have been known by the exercise of ordinary care, whoever encounters it voluntarily and unnecessarily cannot be regarded as exercising ordinary prudence, and that if the jury found from the evidence that there was danger, and the peril was known to the

plaintiff, and he unnecessarily and without ordinary prudence was injured thereby, then the defendant would not be liable, which is a substantially correct statement of the law. *Frederick Cotton Oil & Mfg. Co. v. Traver, supra;* 26 Cyc. 1236.

It is the duty of the court to give instructions that are substantially correct in all material parts, and to correctly state the law applicable to the case on trial, as made out by the pleadings and the evidence. *Okla. Ry. Co. v. Christenson, ante,* 148 Pac. 94; *Humphrey v. Morgan,* 30 Okla. 343, 120 Pac. 577; *Dunlap v. Flowers,* 21 Okla. 600, 99 Pac. 643; *Bales v. N. W. Consol. Mill. Co.,* 21 Okla. 421, 96 Pac. 599. See, also, Sackett on Ins., sec. 179; *Thorwegan v. King,* 111 U. S. 549, 4 Sup. Ct. 529, 28 L. Ed. 514; *Pleasants v. Fants,* 89 U. S. (22 Wall.) 116, 22 L. Ed. 780.

It is not necessary, however, for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient. *Grant et al. v. Milan,* 20 Okla. 672, 95 Pac. 424; *A., T. & S. F. Ry. Co. v. Marks,* 11 Okla. 82, 65 Pac. 996; *Chickasha St. Ry. Co. v. Marshall,* 43 Okla. 192, 141 Pac. 1172; *C., R. I. & P. Ry. Co. v. Johnson,* 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879; *First Nat. Bank of Tishomingo v. Ingle,* 37 Okla. 276, 133 Pac. 895; *Muskogee Elec. Trac. Co. v. Rye, ante,* 148 Pac. 100.

While these instructions are subject to criticism in the verbiage and arrangement thereof, yet, taking them as a whole and considering them together as applied to the facts of this case, the trial court has undertaken to make a correct application of the principles of the law

regulating the duties and liabilities of the parties to the facts, as disclosed by the evidence, and the instructions so given are substantially correct, and, when so applied to the evidence, we think it cannot be claimed that the jury were misdirected in any substantial particular, nor that any material prejudice has resulted to the defendant by reason of the giving thereof.

Instruction No. 10 is also criticized because the court instructed the jury:

"You are instructed that it was the duty of the Chickasaw Compress Company to provide a suitable and reasonably safe place for the plaintiff to work.   *   *   * "

Counsel insist that this instruction is erroneous because it informs the jury that it was the positive duty of the defendant to provide a suitable and safe place for the plaintiff to work. Taken alone, this statement of the law cannot be regarded as a technically correct statement of the measure of the duty which a master owes to his servant. In No. 9, to which no exceptions were taken, the jury were told that it was not the duty of a master to provide a place which was absolutely safe, but that the law imposed only the obligation to use ordinary care, skill, and diligence in that regard. The complaint made of the instruction now under consideration is to the statement:

"That it was the duty of the compress company to provide a suitable and reasonably safe place for the plaintiff to work," etc.

It would have been better, and have been unobjectionable, to say "that the defendant was required to use ordinary care," etc.; but the two ways of expressing a master's duty in this particular are used interchangeably in the text-books and decisions throughout the country and in this state. *Frisco Lumber Co. v. Thomas*, 42 Okla. 670, 142 Pac. 310; *Frederick Cotton Oil & Mfg. Co. v. Traver*, *supra; Choctaw Lumber Co. v. Clark, supra; Construction*

*Co. v. Wilson,* 17 Okla. 355, 87 Pac. 320; *Ruemmeli-Braun Co. v. Cahill,* 14 Okla. 422, 79 Pac. 260; *Great Western Coal & Coke Co. v. Malone, supra.*

The last clause of instruction No. 10 and instruction No. 12 are complained of because they fail to tell the jury their verdict should be based upon the evidence. This objection is not good. In No. 3 the court tells the jury:

"And you must look to the evidence in this case that has been admitted before you by the court from the witness stand, and which proof you will apply to the instructions of the court which contains the law for your guidance, and return your verdict accordingly."

And in instruction No. 4 the court again says:

"You are instructed that it is incumbent upon the plaintiff to establish his allegations by a preponderance of the evidence before he can recover, and if you find that his allegations have not been established by a preponderance of the evidence, then the plaintiff is not entitled to recover."

This instruction clearly informed the jury that in arriving at their findings upon any issue in the case they were to apply the evidence to the law, and if the allegations of plaintiff were not established by a preponderance of the evidence he would not be entitled to recover. Instructions like the latter part of No. 10 and No. 12, when considered with the instructions as a whole, in which proper directions are given to the jury as to the correct measure of damages and the right method of arriving thereat, are upheld by the courts and considered good by the text-writers. Thompson on Trials (2d Ed.) 3218; *C., R. I. & P. Ry. Co. v. Leisy Brewing Co.,* 174 Ill. 547, 51 N. E. 572; *Louisville, N., etc., Ry. Co. v. Falvey,* 104 Ind. 409, 3 N. E. 389, 4 N. E. 908.

Thompson on Trials, sec. 2318, is as follows:

"To use only the words, 'if the jury believe,' without conveying to their minds that they are to found their

belief on the evidence, is an objectionable way of giving an instruction; but as jurors are supposed to have some small trace of sense there is a presumption that they know that they are to find from the evidence, and accordingly it is not necessary to repeat this expression at every turn in the charge.  *  *  *  So an instruction, otherwise correct as to the measure of damages and the elements to be taken into consideration in assessing the damages, is not bad because the judge omits to admonish the jury therein that they must assess the damages from the evidence in the case."

In the case of *C., R. I. & P. Ry. Co. v. Leisy Brewing Co., supra,* it was said:

"At the beginning of the instruction the jury are required to find from the evidence that the lots in question are susceptible of enlargement, etc.  The requirement to find from the evidence, as thus made at the beginning of the instruction, applies and extends to all subsequent clauses of the instruction.  *  *  *  If the first part of an instruction contains a clause requiring them to make a finding from the evidence, a jury of intelligent men will not be misled by the omission of such clause in the remaining portion of the instruction."

The objection to No. 12, that it submits loss of time to the jury as an item of damages, is not well taken. Plaintiff alleges that on account of his injury he is unable to work, and also alleges that at the time of the injury he was earning a salary of $40 per month.  The evidence tends to show that he is unable to perform manual labor, and that he has been .out of work since discharged by plaintiff in error, and is sufficient to carry this question to the jury.

The court further instructed the jury:

"You are further instructed that a master is required to inspect the place of work from time to time and keep it in a reasonably safe condition."

It is claimed that this instruction should not have been given, because it was calculated to create in the

minds of the jury an inference that the master was an absolute insurer. This could not be, because in No. 9, which is quoted, the court expressly told the jury that it was not the duty to furnish an absolutely safe place in which to work, but that the law imposed only the obligation to use reasonable and ordinary care, skill, and diligence in this respect. The instruction is a correct statement of the abstract rule of law. 26 Cyc. 1136. And, conceding that it had no place in this case, it could not possibly have prejudiced the jury, and therefore would not constitute reversible error.

"The giving of an instruction which states a correct principle of law, but which has no application to the issues involved or the proof, will not warrant a reversal of the judgment, unless it is apparent that such instruction misled the jury." *(Pearson v. Yoder,* 39 Okla. 105, 134 Pac. 421, 48 L. R. A. [N. S.] 334; 2 Thompson on Trials, sec. 3221.)

The sufficiency of the evidence to sustain the findings of the jury is not questioned; the only errors urged being the instructions complained of, which we have already considered; and after an examination of the entire record this court is unable to say that plaintiff in error was deprived of a substantial right, or that justice was denied in the trial of the case. Sections 4791, 6005, Rev. Laws 1910.

Finding no such errors in the record before us, the judgment of the trial court is, therefore, affirmed.

All the Justices concur.