## OKLAHOMA CITY v. WILCOXSON.

No. 24049.    Sept. 10, 1935.

W. H. Brown and Harlan T. Deupree, for plaintiff in error.

Earl Sadler and J. Roy Orr, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

Plaintiff, Wilcoxson, sued defendant, city of Oklahoma City, for damages growing out of a collision with an automobile being operated by an employee of the defendant. The action was for $2,000 on account of personal injuries and for $250, on account of damages to plaintiff's automobile. These items of damage were set forth as separate causes of action in plaintiff's petition.

The basis of plaintiff's claim, as set forth

in his petition, was: (1) That the defendant, at the time of the collision, was operating defendant's car at an unlawful rate of speed; (2) without regard for the rights of others using the highway; (3) that the defendant's agent failed to operate under control, and failed to exercise a proper lookout for other automobiles using the highway; and (4) negligently and unlawfully drove said automobile at an unlawful speed across the center of the highway and to the left of the center thereof and upon and against plaintiff's automobile.

Defendant's answer was a general denial, and, further, that if plaintiff suffered any personal injuries or damage to his car the same arose because of the negligent and unlawful manner in which plaintiff was operating his car; that plaintiff was driving at an unlawful rate of speed and without regard to the rights of others, and through his own negligence and want of care sustained the injuries, if any, arising out of the collision.

The evidence discloses that plaintiff's car was proceeding west on the north side of the center of the highway, with a clear way ahead. The defendant's car was proceeding eastward on the highway, being preceded by a Buick sedan. It appears that the sedan slackened its speed, and that defendant's car turned to the left, that is, to the north of the center of the highway for the purpose of passing, and after doing so discovered that in front of the sedan there were two cars, one of which was crippled and the other pushing the same, and also at the same time discovered plaintiff's car approaching from the east. According to the testimony of the driver of defendant's car, he could not pass the three cars and resume the south side of the highway in time to avoid a collision with plaintiff's car, and also he could not resume his place in the rear of the cars theretofore preceding him by reason of the fact the same had come to a practical standstill.

It appears that at this point on the highway there is a wide driveway leading to the north. It seems that plaintiff's car swerved to the north side and partially off of the pavement with a view to permitting defendant's car to pass between plaintiff's car and the three cars on the south side of the highway. It further seems that defendant's car, in order to avoid the accident, undertook to cross the north side of the highway and onto said driveway, and believing that the plaintiff's car was going up the driveway, undertook to stop his car on the west of the center of the driveway, at which point the collision occurred. There was conflict in the evidence, but the foregoing is a substantial statement of the nature of the accident.

The jury returned a general verdict for plaintiff in the sum of $750.

Defendant tenders 21 assignments of error, which are grouped under four propositions.

The first proposition is to the effect that there is no evidence tending to show primary negligence on the part of the defendant, and therefore the cause was improperly submitted to the jury. In a situation of the kind here, where evidence is conflicting, the question of negligence is one for the jury, and same was properly submitted. Marland Refining Co. v. Duffy, 94 Okla. 16, 220 P. 846.

Defendant's second proposition is that "the court erred in its instruction with reference to defendant being on the wrong side of the road, without evidence upon which to base such instruction." The instruction in question is as follows:

"It is the duty of all persons in the operation of an automobile upon a public highway to exercise ordinary care and caution and to have due regard for the rights of others lawfully using the highway. It was the duty of Brewer, the servant and employee of the city, in this case, in operating his car at said time and place in question, to exercise ordinary care and caution in the operation thereof, to drive the same at a rate of speed that was not dangerous to public safety, and it is charged here that he failed to comply with the provisions of the law in that he was operating his car at an excessive rate of speed and drove the same on the wrong side of the road, that is, the left-hand side or on the north side of the road in the path of the plaintiff's car, and that this collision occurred by reason of his negligent act, as aforesaid.

"Now, if you find from a preponderance of the evidence here, that Brewer in the operation of his car at said time and place was guilty of either of the acts of negligence complained of in the petition in this case, and should you further find from a preponderance of the evidence that that negligence was the proximate cause of the plaintiff's injury, then, and in that event, it will be your duty to return a verdict in this case in favor of the plaintiff and against the city for whatsoever sum will compensate him for his injuries, not to exceed the amount prayed for in the petition.

"But, on the other hand, if the plaintiff fails to prove his case, as outlined in these

instructions, or if the jury should believe from the evidence that the plaintiff himself was guilty of negligence in the operation of his car at said time and place, and that that negligence proximately contributed or proximately caused his own injury or damage, then in either event it would be your duty to return a verdict in favor of the defendant city in this case.

"Given and excepted to by defendant city and exception allowed.

"Sam Hooker, Judge."

The substance of defendant's objections to this instruction is: (1) That the question of excessive rate of speed was improperly submitted because there was no evidence to support it; (2) that the question of being on the wrong side of the road was improperly submitted because same was not alleged in the petition; and (3) that the instruction was practically peremptory for the plaintiff if the jury found that defendant was on the wrong side of the road.

The question of what is an excessive rate of speed is necessarily a relative one. A given rate of speed well under the maximum prescribed by law may or may not be excessive, according to what prudence should dictate. This phase was covered by the following language in the quoted instruction:

"It was the duty of Brewer, the servant and employee of the city, in this case in operating his car at said time and place in question, to exercise ordinary care and caution in the operation thereof, to drive the same at a rate of speed that was not dangerous to public safety."

Touching the second point, reference to a preceding paragraph in this opinion discloses that being on the north side of the road was embraced in the allegations of the petition.

The objection to the instruction in characterizing as negligent defendant's being on the wrong or north side of the road appears to be well taken. The effect of the instruction is to say that if defendant was driving at an excessive rate of speed, or drove on the left side of the road, same was negligent. The addition of the words "in the path of the plaintiff's car" is too indefinite to characterize the act as negligent as a matter of law, especially in view of the conflict in the evidence as to the surrounding facts and circumstances.

This court, in the case of Oklahoma Producing & Refining Co. v. Freeman, 88 Okla. 166, 212 P. 742, condemned an instruction of similar import to the one under consid-

eration. In that case the instruction was as follows:

"If you find and believe from the evidence that the driver of the defendant's automobile truck was guilty of negligence as alleged in plaintiff's petition, in that he operated the defendant's truck at a high, dangerous and excessive rate of speed, or if you find and believe from the evidence that the said driver drove the truck in question on the left side of the center of the street mentioned in said petition, or if you find and believe from the evidence that the driver of the said truck failed and neglected to have the said automobile truck under reasonable and proper control or to keep a proper and sufficient lookout for pedestrians or other vehicles and thereby directly and proximately caused the injuries, if any, sustained by the plaintiff, then you will find for the plaintiff, unless you find and believe from the evidence that the plaintiff was guilty of contributory negligence as defined in these instructions, in which event your verdict must be for the defendant."

We quote the following excerpts from the opinion in that case:

"It is, therefore, apparent that instruction No. 9, as given, in effect, was a peremptory instruction in favor of the plaintiff, as it was admitted by the parties that the accident occurred on the left side of the street, traveling west. The instruction, in effect, advised the jury if the defendant drove the truck on the left side of the street, such act constituted primary negligence on the part of the defendant. * * *

"It is sufficient to say in this case that the court, in instruction No. 9, in effect, gave a peremptory instruction for the plaintiff over the objections and exceptions of the defendant. The instruction involving what appears from the evidence to be the decisive question in the case, it must be held as constituting reversible error."

Both the construction placed by the court on the instruction there and its estimate of the vital character of the error, is applicable here, and the giving in the case at bar of instruction No. 10 deprived the jury of the right under proper instructions to decide whether the defendant's being on the north side of the road constituted negligence under the circumstances and constituted reversible error.

Defendant's proposition No. 3 complains of the failure of the court to give certain requested instructions, all in effect on the question of contributory negligence. We have examined the instructions of the court and the same appear to fully cover the question. At any rate, defendant has indicated

no vice in this respect in any of the instructions given by the court.

The fourth proposition submitted by the defendant is as follows:

"The court erred in submitting to the jury the damages to plaintiff's automobile."

The only evidence of injury to automobile and cost of repairs was the testimony of the plaintiff, who in answer to the question, "What did it do to your car?" replied "Tore the whole front end of it off." He further testified that the car was repaired by Hickman & Smith in Oklahoma City, who installed "a new radiator. a new hood, a new axel, one new wheel, and straightened the frame," for which work he paid the sum of $149. This is all of the testimony upon the question of damage to automobile.

Defendant objected to plaintiff's testimony as to amount paid for repairs, for the reason the necessity for the same as a result of the accident was not shown, but saved no exception to the court's permitting witness to testify.

Upon conclusion of the evidence defendant moved the court to instruct the jury to find for defendant on second cause of action, because there was not sufficient evidence to show liability on part of defendant for damages to automobile. This instruction was refused and exception saved. It is the action of the court in submitting this question to the jury that we now review.

The rule in this jurisdiction for damages to personal property, which may be restored by repairs, with certain qualifications not pertinent here, is the cost of the repairs, and the value of its use necessarily lost pending repairs. The repairs made should be necessary and proper and the cost thereof reasonable. Missouri Pac. Ry. Co. v. Qualls, 120 Okla. 49, 250 P. 774, and cases therein cited; Ferraro v. Public Service Ry. Co. (N. J.) 141 Atl. 590; Galveston-Houston Elec. Ry. Co. v. English (Tex. Civ. App.) 178 S. W. 666. But before there can be liability for such repairs, there must be proved, not only negligence giving rise to the injury, but that repairs made were necessary as a result of the injury; otherwise, there would be no causal connection between the damage and wrong complained of.

It is urged by the plaintiff that defendant waived its right to question the sufficiency of this evidence because no exception was taken to the action of the court in admitting plaintiff's testimony over its objection. The error here is not in admitting testimony on the question of costs of repairs. Such evidence is proper, but, not being fortified by other necessary evidence, the same is insufficient and presents no issue properly to be submitted to the jury, and should have been eliminated. Humphrey v. Morgan, 30 Okla. 343, 120 P. 577.

The reason for the failure of plaintiff to present proof on the material question of whether the repairs, for which he paid $149, were necessitated because of the collision, is not apparent. Defendant's objection raised the question that the reasonableness of the cost of repairs and their necessity should be proved. The record shows that the mechanic (apparently the one who repaired the car) had been subpoenaed, but he did not testify, nor did the plaintiff testify that the repairs included in the bill were on account of the collision. These were facts easily accessible. In Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 P. 35, the court said:

"Matters capable of proof should not be left to conjecture. Verdicts should be based upon evidence, not upon guess-work, especially concerning things so easily capable of proof."

The court held that "a verdict based upon conjecture, and not upon evidence, should be set aside." What is conjecture? Bouvier's says that "conjecture" is "an idea or notion founded on a probability without any demonstration of its truth." Rapalje defines "conjecture" as "an idea or surmise inducing a slight degree of belief founded upon some possible, or perhaps probable, fact, of which there is no positive evidence."

While we have the notion and idea and surmise that the repair bill was for repairs necessary because of the collision, it would be conjecture for this court to say from the record in this case that such is the fact.

In view of the apparently varying expressions used in the many cases on the subject, we suggest the following standard of proof of damages to be sought by the claimant who has established his right to recover for an actionable injury in such cases: (1) The necessity for repairs as a result of the injury; (2) that the repairs made were reasonably proper to be made; and (3) that the cost thereof was reasonable. This character of proof should fully develop the pertinent facts.

For reasons stated, the judgment of the trial court is reversed, and this cause re-

manded for a new trial in accordance with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys J. E. Thrift, Kenneth H. Lott, and C. J. Davenport in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thrift and approved by Mr. Lott and Mr. Davenport, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.