*Southern District*

No. 59

**STANLEY RITTER, ET AL**

**v.**

**SIMMS YACHT YARD, INC.**

Argued: Apr. 24, 1973 - Decided: Sept. 10, 1973

*Present:* Murphy, P.J., Lee, Prince, JJ.

Case tried to *Owen, J.* in the Second District Court of Plymouth, No. 50218.

**Lee, J.** This is an action of contract or tort to recover for breach of warranty for repairs to plaintiffs' yacht, "Lolly Pop III" and for damages to it caused by the defendant's negligent repairs. The answer is in general denial, contributory negligence and inherent defect in the yacht.

**At trial there was evidence tending to show that:**

The plaintiffs left their yacht in the defendant's boat yard in Scituate, Massachusetts in

November 1968. At the time the boat was left, the plaintiffs left a work order for work to be performed on the said boat. Among the items included in the work order was an item which requested that the defendant "tighten and/or replace all fan belts if necessary." The boat remained in the defendant's boat yard from November until April 26, 1969, when the plaintiffs took the boat from the boat yard. The plaintiff requested the defendant to put the boat in mint condition and instructed the defendant to do whatever work was required to be done without question. This was denied by defendant. After taking the boat from the boat yard, and travelling about an hour and a half, the plaintiffs smelled an acrid smell, looked at the instruments and testified that the instruments were all working in proper order and then saw smoke coming from below. They then shut the engines. The boat was ultimately towed to Graves Yacht Yard in Marblehead.

The plaintiffs called the defendant's boat yard and Mr. Simms came out to inspect the boat on the following day. When one of the plaintiffs examined the port engine, he saw the fan belt on the deck below the pullies in shredded condition. He testified that the boat was being repaired from April 29, 1969 until July 2, 1969 at another boat yard and he incurred bills for the repairs required by the accident, in the amount of $3,391.02.

On cross-examination this plaintiff testified that he had been watching the heat indicators and that they appeared to be working perfectly. He examined them approximately a dozen times during the one and a half hour voyage and he had looked at them not longer than ten minutes prior to the accident.

A mechanic who had worked on the repairs at Graves Yard, after the accident, and subsequently was a temporary employee of the plaintiffs, testified that when he examined the belt on the port engine, it was in shredded condition. The one on the starboard engine, which was still in place was cracked and he testified that if it were left in the cracked condition it would eventually split. He also testified that he examined the various wire connections and that the wires were loose. He also testified that replacement of the engine was required because it was not cooling properly and that the heat exchanger was leaking under pressure and was replaced at his suggestion. In his opinion the damage was caused from the failure of the belt.

Mr. Simms testified for the defendant and claimed that the work was done in a proper and workmanlike manner; that he went over the boat himself and that while it might be the opinion of one workman that a part should be replaced and another's opinion that it does not have to be, in his opinion the belts did not have to be replaced; that he would es-

timate that the gauges would have shown excess heat a half hour before the incident; and that various reasons could have caused the damage to the engine such as the hose blowing off the engine or an air pocket.

At the close of the evidence and before final arguments, the plaintiffs made the following requests for rulings:

1. Upon all the evidence a finding for the plaintiffs is warranted.

2. Upon all the evidence a finding for the plaintiffs is required.

3. Upon all the law a finding for the plaintiffs is warranted.

4. Upon all the evidence a finding is warranted that the defendant failed to perform repairs in a proper and workmanlike manner and that the plaintiffs suffered damage thereby.

5. Upon all the evidence a finding is warranted that the defendant failed to replace the fan belts and that the proximate cause of the plaintiffs' damage was the failure of a fan belt or fan belts.

6. The plaintiffs are entitled to recover for the damages which were the immediate consequence of the injury to their yacht.

7. The applicable law governing the determination of the plaintiffs' claims against the defendant in Massachusetts

law. *Victory Carriers, Inc.* v. *Law*, 404 U.S. 202, 205-206.

8. "Good", as defined by General Laws, Chapter 106 Section 2-105 (1), includes a yacht. See *Silver* v. *Sloop Silver Cloud*, 259 F. Supp. 187.

9. The plaintiffs are entitled to all damages proximately resulting from defendant's breach of implied warranty that the yacht was in seaworthy condition upon delivery immediately prior to the accident. General Laws, Chapter 106, Section 1-715.

10. The measure of damages to which the plaintiffs are entitled is the difference between the value of the yacht immediately prior to and immediately after the injury and such other incidental and consequential damages as may be proven. General Laws, Chapter 106, Section 2-714.

11. The defendant was liable to the plaintiffs for damages resulting from a breach of warranty resulting from the defendant's negligent failure to replace the fan belts and/or defective wiring.

12. The yacht, as delivered to the plaintiffs immediately prior to the accident was not in seaworthy condition.

The justice made the following disposition on these requests:

"Immaterial in view of Finding of Fact. I find the cause of the breakage of

the belt in question to be conjectural. I find no breach of warranty on the part of the defendant.''

There was no further finding of facts.

The question before this court is whether the trial justice below committed prejudicial error in finding that the evidence presented by the plaintiffs to him was conjectural and his failure to act upon the plaintiff's Requests for Rulings of Law as being immaterial.

We think it was prejudicial error.

In the first instance, there is no finding for the plaintiffs or the defendant in this report. It is obvious, however, from the record that the justice found in favor of the defendant, as indicated on the docket but omitted this finding from his report.

Conjecture has been defined as an idea or notion founded on probability without any demonstration of its truth; an idea or surmise inducing a slight degree of belief founded upon some possible or perhaps probable fact of which there is no positive evidence. *Oklahoma City* v. *Wilcoxson,* 173 Okla. 433.

From the reported testimony there is adequate evidence to warrant a finding that the defendant failed to do the things he promised to do and that the breakage in the belt was anything but conjectural.

The justice's statement that the plaintiffs' requests for rulings of law were imma-

terial was tantamount to a denial of these requests.

 His rulings on requests, one through five (1-5), are protected by Rule 27 of the District Courts but this ruling as applied to requests six through eleven (6-11) is prejudicial error without specific findings of fact to support this ruling. This is especially true where the only testimony provided by the defendant was his denial of the plaintiffs' claims and his statement that the work was done in a proper and workmanlike manner.

The plaintiffs position is further strengthened by the recent case of *Knowles* v. *Gilchrist Company,* 1972 Massachusetts Advance Sheets 1783. In that case the Supreme Judicial Court reversed a long line of cases in which the burden of proof was upon the bailor to prove negligence upon the bailee. The court said on page 1792, .... "we hold that once the bailor proves delivery of the property to the bailee in good condition and the failure to redeliver upon timely demand, the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction."

 We do not invade here the province of the trial justice to accept or reject credible evidence presented to him at the trial. The justice's error in this case was his failure to weigh the evidence introduced by the plaintiff

as credible in arriving at his finding instead of dismissing it summarily as being conjectural.

There being prejudicial error, this case is remanded to the District Court **and a new trial is ordered.**

FLAMM, MASON & PAVEN
 for Plaintiff

EDWIN R. TRAFTON
 for Defendant